## SUTTON v. WHITESIDE.

No. 14339—Opinion Filed Feb. 12, 1924.

(Syllabus.)

1. **Attorney and Client — Action Against Attorney for Negligence — Necessity for Damage.**

To authorize a recovery in damages against an attorney for negligence, not only must negligence be established, but it must also appear that injury resulted to the plaintiff from such negligence.

2. **Same — Negligence in Perfecting Appeal — Exclusion of Evidence — Harmless Error.**

In an action for damages against an attorney for negligence in failing to perfect an appeal to the Supreme Court a transcript of the evidence and record in such case is admissible in evidence for the purpose of determining whether the case would have been reversed on appeal, but where the transcript offered in evidence is incorporated in the record and discloses that there was no reversible error in the record, the failure of the trial court to admit the transcript in evidence is harmless error.

Error from District Court, Jackson County: Geo. S. March, Assigned Judge.

Action by George M. Sutton against Stansell Whiteside. Judgment for defendant, and plaintiff brings error. Affirmed.

Suits & Hall, for plaintiff in error.

Guy P. Horton and T. M. Robinson, for defendant in error.

PER CURIAM. This action was brought by plaintiff in error, Geo. M. Sutton, against the defendant in error, Stansell Whiteside, to recover damages in the sum of $1,648.98, which the plaintiff in error alleged he was compelled to pay upon a judgment rendered in the district court of Jackson county and which became final through the negligence of the defendant in error while representing the plaintiff in error in the capacity of an attorney. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court. On June 17, 1920, the defendant was employed by the plaintiff as one of his attorneys to represent him in a suit to recover from the E. V. Z. Motor Sales Company a certain Mitchell automobile which had been sold by a salesman for the plaintiff by the name of Lipscomb. The suit was filed and tried in the district court and judgment rendered for the defendant. The plaintiff directed his attorneys to perfect an appeal to the Supreme Court of the state, but the motion for a new trial was not filed within the time prescribed by statute, and the right of appeal was lost. This suit was then filed against the defendant as one of the attorneys for the plaintiff to recover the damages alleged to have been sustained by the plaintiff by reason of the failure of the defendant to perfect the appeal. The plaintiff offered in evidence the transcript of the evidence and the record in the replevin suit, but this evidence was excluded by the trial court. This evidence was admissible, as it was necessary for the plaintiff to establish that if the motion for new trial had been filed in time, and the appeal perfected, the case would have been

reversed by the Supreme Court. If the judgment on appeal would have been affirmed, the plaintiff sustained no injury by reason of the loss of his appeal. The transcript of the evidence was admissible on this issue, because the opinion of the Supreme Court would have been rendered on the record made in the trial of that case, and not on testimony of witnesses as to what transpired at the trial.

It does not follow that this case should be reversed because of the failure of the trial court to admit this testimony, as the entire transcript is incorporated in the record, which is now presented for our consideration, and we have examined the same. An examination of the record in the replevin suit discloses that the case was tried to the jury on instructions which fairly and correctly stated the law applicable to the case and to which no exceptions were taken by the plaintiff. The issue was one of fact, as to whether the salesman was acting within the apparent scope of his authority as salesman for Sutton. The jury found this issue in favor of the defendant and there was sufficient evidence to reasonably sustain the verdict of the jury. Such being the case, if an appeal had been perfected the judgment of the trial court must necessarily have been affirmed by the Supreme Court. Under these circumstances, no injury resulted to the plaintiff by reason of the loss of his appeal. The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, COCHRAN, HARRISON, and LYDICK, JJ., concur.