William **LANDRUM** and Wanda Landrum, Appellees,

v.

**NATIONAL UNION INSURANCE COMPANY,** Appellant,

v.

**DEHAAN GREENHOUSES,** Vickie Dehaan d/b/a Dehaan Greenhouses, and Rollins Leasing Corporation, Defendants.

No. 82323.

Supreme Court of Oklahoma.

Feb. 13, 1996.

Jerry V. Beavin, and Steve A. Weeks, Oklahoma City, for appellant.

Richard D. Gibbon, Tulsa, for appellees.

WATT, Justice:

## FACTS AND PROCEDURAL BACKGROUND

In January, 1990, Appellee, Wanda Landrum, and her husband William Landrum, brought suit against defendants Dehaan Greenhouses, and Rollins Leasing Corporation, for damages arising from a personal injury Mrs. Landrum had sustained. Mr. Landrum's claim was based on loss of consortium, and is not material to the issues before us today. Mrs. Landrum was injured while working for Wal–Mart Stores, Inc., and had

earlier received workers' compensation, which was paid by Appellant, National Union Insurance Company, Wal–Mart's workers' compensation insurer.

National Union moved to intervene in the Landrum's suit because it had paid $50,338.67 in workers' compensation benefits to or on behalf of Mrs. Landrum, and because 85 O.S.1981 § 44 gave it a right of subrogation to any amount Mrs. Landrum recovered from the defendants.[1] Thus, said National Union, it was entitled to intervene as a matter of right under 12 O.S. Supp.1984 § 2024.[2] The trial court agreed, and granted National Union's motion to intervene.

Total Recovery
Less: Attorney fee
Balance of recovery

Mrs. Landrum did not object to National Union's motion to intervene. She did, however, object to the active participation of National Union's counsel in the jury trial because she feared that informing the jury of her compensation claim would prejudice her. The trial court sustained Mrs. Landrum's objection to National Union's active participation in the jury trial, although it did allow National Union's counsel to be present during the trial.

The jury returned a verdict for Mrs. Landrum for $80,000, which the trial court apportioned between Mrs. Landrum and National Union as follows:[3]

$80,000.00
$32,000.00 [4]
$48,000.00

---

**1.** 85 O.S.1991 § 44 provides:

(a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the Court. Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee. After the expenses and attorneys fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the

compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree.

In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.

**2.** 12 O.S. Supp.1984 § 2024 provided in material part:

Intervention
A. INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action:

.    .    .    .    .

2. When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest.

.    .    .    .    .

**3.** The apportionment formula used by the trial court is the formula we used and approved in *Prettyman v. Halliburton Co.*, 841 P.2d 573 (Okla. 1992).

**4.** The Landrums had a 40% contingent fee contract with their attorney.

| | |
|---|---|
| Ratio of compensation | $\dfrac{\$50,388.00\ ^{5}}{\$80,000.00} = .63$ |
| Paid to total | |
| Ratio multiplied by balance of recovery | $.63 \times \$48,000.00 =$ |
| Insurer's share of balance | $\$30,240.00$ |

---

National Union claimed the trial court's computation was erroneous for two reasons: (1) National Union should not have to bear any portion of Mrs. Landrum's attorneys' fees because National Union had its own counsel and was not allowed to participate in the jury trial of the issues between Mrs. Landrum, and the defendants, and (2) the trial court failed to allow National Union to recover its proportionate share of prejudgment interest that accrued on the verdict under 12 O.S. Supp.1986 § 727.[6] Section § 727 provides for prejudgment interest on personal injury verdicts at the average treasury bill rate for the year preceding the verdict, plus four percentage points, "from the date suit was commenced to the date of verdict." The record does not reflect the amount of prejudgment interest that accrued here. It does reflect, however, that suit was filed on January 5, 1990, and the verdict was returned March 19, 1993. The prejudgment interest rate on verdicts returned in 1993 was 7.42%. Apparently, then, the total prejudgment interest on Mrs. Landrum's $80,000 verdict was, in round figures, about $19,000 ($80,000 × 7.42% × 3.2 years).

### ISSUES

I.   Did the trial court err in sustaining Mrs. Landrum's objection preventing National Union from actively participating in the jury trial on the merits of Mrs. Landrum's action against the defendants?

II.  Did the trial court err in deducting an attorneys' fee from National Union's award, and in setting the amount of the attorneys' fee award at the amount called for by Mrs. Landrum's contingent fee contract with her lawyer?

III. Did the trial court err in refusing to grant National Union a proportionate share of the prejudgment interest?

We answer no to Issues I and II, and yes to Issue III.

### DISCUSSION

#### I.

National Union's claimed right to participate in the jury trial is based on our opinions in *Prettyman v. Halliburton Co.*, 841 P.2d 573, 577 (Okla.1992), and *State ex rel. Howard v. Oklahoma Corporation Commission*, 614 P.2d 45, 50 n. 6 (Okla.1980). Neither opinion applies to the facts before us today.

In *Prettyman* we held that a subrogated workers' compensation carrier has a right to recover its pro-rata proportion of the compensation paid according to the formula set out there, and used by the trial court here. In this appeal there is no dispute that National Union has such a right. Further, the right of an insurer to participate in an injured worker's jury trial against third parties was not an issue in *Prettyman*, as it dealt only with a settlement.

In *Howard*, we held that the Corporation Commission had the right to be represented

---

**5.** The actual amount of compensation paid to and on behalf of Mrs. Landrum was $50,338.67, not $50,388.00.

**6.** With respect to prejudgment interest, 12 O.S.Supp.1986 § 727 provides in material part:

A. All judgments of courts of record shall bear interest at a rate prescribed pursuant to section B of this section ... provided that:

1. ...

2. When a verdict for damages by reason of personal injuries ... is accepted by the trial court, the court in rendering judgment shall add interest on said verdict at a rate prescribed pursuant to subsection B of this section from the date the suit was commenced to the date of verdict....

B. For purposes of this section, interest shall be at an annual rate equal to the average United States Treasury Bill rate of the preceding calendar year ... plus four percentage points.

by its own counsel, rather than by the Attorney General, *"inasmuch as the views of the Commission's attorneys are at variance with those of the Attorney General."* [Emphasis added.] 614 P.2d at 50. Here, National Union does not contend that it had any disagreement with Mrs. Landrum concerning the merits of her claims against the defendants. Indeed, there appears to have been an identity of interest between National Union and Mrs. Landrum on the merits of the action, which was to establish liability against the defendants and to obtain a damage award at least large enough to fully compensate National Union for its subrogation claim.

Mrs. Landrum recognized National Union's subrogation rights. The only disagreements were over whether National Union should pay 40% of its recovery to Mrs. Landrum's lawyer, under the terms of Mrs. Landrum's contingent fee contract, and whether National Union should receive a pro-rata portion of any prejudgment award. At no time did National Union present any issue in which the defendants to Mrs. Landrum's action had any interest. In fact, National Union's purpose in its conduct of the litigation, especially its insistence that its lawyer participate in the jury trial, seems to have been to avoid having to pay a 40% attorneys' fee to Mrs. Landrum's lawyer. For reasons we will discuss in section II of this opinion, under the facts before us, National Union was required by law to pay such a fee.

■ As noted, National Union intervened in Mrs. Landrum's suit as a matter of right under 12 O.S. Supp.1984 § 2024 without objection by Mrs. Landrum. National Union contends that because it was a party it had an undeniable right to participate in the jury trial of Mrs. Landrum's suit for damages against the defendants. We disagree.

National Union had the right to intervene in Mrs. Landrum's suit because doing so protected National Union's right to its share of any recovery realized by Mrs. Landrum from the defendants. National Union

achieved that goal when the trial court granted its motion to intervene.

National Union equates its right to intervene with its claimed right to participate in Mrs. Landrum's jury trial. National Union assumes that once its right to intervene was established, its right to participate in the jury trial was also established. This is incorrect. National Union's right to intervene was a separate issue from its claimed right to participate in the jury trial of Mrs. Landrum's damage suit. In its comments to 12 O.S. Supp.1984 § 2024, the Civil Procedure Committee of the Oklahoma Bar Association said, "The court can take any appropriate steps to prevent the intervenor from prejudicing the trial of the action. See subsection D of Section 2018."[7]

■ Title 12 O.S. § 2018 subd. D gave the trial court discretion to require any issues between National Union and Mrs. Landrum to be tried separately from the jury trial of Mrs. Landrum's claims against the defendants, if doing so would "avoid prejudice." *Id.* We will reverse the discretionary ruling of a trial court as to whether there should be separate trials of issues only where there has been shown a clear abuse of discretion. *Faulkenberry v. Kansas City Southern Ry. Co.,* 661 P.2d 510, 513 (Okla.1983) certiorari denied 464 U.S. 850, 104 S.Ct. 159, 78 L.Ed.2d 146. There we said, "A trial court may order a separate trial of any issue upon proper motion by a party, [footnote omitted] but it is not required to do so. *Only where there is a clear abuse of discretion will this court disturb a decision made on this point."* [Emphasis added.] No such abuse has been shown here.

The cases cited by National Union in its Petition for Certiorari to the effect that a subrogated workers' compensation insurer is a real party in interest, are immaterial here. *Travelers Insurance Co. v. Leedy,* 450 P.2d 898 (Okla.1969); *Aetna Casualty & Surety Company v. Associates Transports, Inc.,* 512 P.2d 137 (Okla.1973). That National Union

---

**7.** Title 12 O.S.1991 § 2018 subd. D provides:

The court, in furtherance of convenience or *to avoid prejudice,* or when separate trials will be conducive to expedition and economy, *may order a separate trial of any claim,* cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury. [Emphasis added.]

was a real party in interest did not deprive the trial court of its right—and obligation—to decide in its discretion whether National Union's participation in Mrs. Landrum's jury trial against the defendants might prejudice Mrs. Landrum.

■ National Union's rights were totally based on subrogation, and subrogation is an equitable remedy. Consequently, National Union had no right to a jury trial. *Butcher v. McGinn,* 706 P.2d 878, 880 (Okla.1985). There we said, "In an equitable action, trial by jury is not a matter of right." Other than claiming that it would otherwise not have had to pay part of Mrs. Landrum's attorneys' fee, National Union does not claim that it was prejudiced by its inability to participate in the jury trial.

The trial court acted within its discretion under 12 O.S. 1881 § 2018 subd D. It did not abuse that discretion when it decided to sustain Mrs. Landrum's objection to National Union's participation in Mrs. Landrum's jury trial.

## II.

■ National Union claims that its portion of the verdict in this case should not have to bear a 40% attorneys' fee because National Union "made its own preparations for trial through its own counsel." This, however, does not excuse National Union from its obligation to pay such a fee.

Title 85 O.S.1991 § 44(a), note 1, supra, provides that as a result of receiving workers' compensation, an injured worker assigns her claim for damages against a third party to her workers' compensation employer or its insurer. When the recovery is not by settlement, that is it is by judgment against the third party, § 44 provides that the insurer "... shall pay from its share of said reimbursement *a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery ...*" [Emphasis added.] These expenses, like the amount of reimbursement, are "to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee." *Id.* National Union may not avoid § 44's clear

mandate by demanding that its attorney participate in Mrs. Landrum's jury trial against the defendants, although National Union's rights were thoroughly protected in that trial by Mrs. Landrum's lawyer, and the trial court had found that National Union's participation might prejudice Mrs. Landrum. The language of § 44 as presently written will not support such a construction. The legislature would have to amend the statute before such a result would be proper. The trial court correctly applied § 44 when it deducted a 40% attorneys' fee from National Union's recovery.

## III.

■ Whether National Union is entitled to credit for its proportionate share of the prejudgment interest that accrued on the verdict is a matter of first impression. We hold that National Union is entitled to a pro-rata share of prejudgment interest.

We have consistently held that one of the important purposes of § 44 is to insure that an injured worker does not receive a double recovery by recovering money both from her employer and from the negligent third party for the same damages. *Prettyman v. Halliburton Co.,* 841 P.2d 573, 576 (Okla.1992). There we said, "Where injuries are caused by a third party's negligence, § 44 is designed ... to guard against the employee receiving double recovery." To allow Mrs. Landrum to reap the entire benefit of prejudgment interest here would give her a double recovery. The legislature's clear purpose in passing 12 O.S.1991 § 727 was to require a negligent party to pay the plaintiff interest for the plaintiff's loss of use of the money to which she was entitled. Mrs. Landrum was not entitled to prejudgment interest on the $50,338.67 at issue here because National Union had paid it to or on Mrs. Landrum's behalf *before she filed suit against the defendants.* Consequently, National Union, not Mrs. Landrum, was deprived of the use of $50,338.67 of the $80,000 verdict, and was entitled to prejudgment interest on it. To allow Mrs. Landrum to retain the prejudgment interest that accrued on the $50,338.67 paid by National Union before suit was filed would be to allow her a windfall in clear

violation of § 44. The trial court correctly held that the $50,338.67 comprised 63% of the $80,000 verdict, and for the reasons discussed in part II of this opinion, National Union is obliged to pay a 40% attorneys' fee on the amount recovered. Thus, National Union is entitled to its proportion of the verdict, plus prejudgment interest, based on the following formula:

| | |
|---|---|
| Verdict | $80.000.00 |
| Prejudgment Interest (assumed) | $19,000.00 [8] |
| Verdict + prejudgment interest | $99,000.00 |
| Less: Attorney fee | $39,600.00 |
| Net recovery | $59,400.00 |

$$\frac{\text{Ratio of compensation paid to Verdict (before interest)} \quad \$50,388.00}{\$80,000.00} = .63$$

Ratio multiplied by
Net recovery     $.63 × $59,400.00 =

Insurer's share of Net recovery     $37,422.00

---

The trial court is instructed to make a factual determination of the amount of prejudgment interest actually paid by the defendants, substitute that amount, and compute the amount payable to National Union from Mrs. Landrum's recovery according to the formula.

## CONCLUSION

The trial court correctly sustained Mrs. Landrum's objection to National Union's participation in the jury trial of Mrs. Landrum's suit against the defendants. The trial court was also correct in ruling that National Union was obliged to pay an attorneys' fee from its subrogated amount of recovery in an amount equal to Mrs. Landrum's 40% attorneys' fee contract with her lawyer. The trial court erred, however, in ruling that National Union was not entitled to its pro-rata portion of the prejudgment interest that had accrued under 12 O.S.1991 § 727 on the $50,338.67 paid by National Union. As the record does not reflect the amount of prejudgment interest paid to Mrs. Landrum, the trial court is instructed to factually determine that amount, use it in the formula set forth in part III of this opinion, and enter judgment for National Union in the appropriate amount.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED IN PART, REVERSED IN PART, AND MATTER REMANDED WITH INSTRUCTIONS.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES and WATT, JJ., concur.

HARGRAVE, J., concurs in Parts I & III, concurs in result in Part II.

LAVENDER and SIMMS, JJ., concur in part, dissent in part.

OPALA, J., concurs in result, Part I, concurs in deference to stare decisis in Part II, dissents from Part III.

SUMMERS, J., concurs in Parts I & III, dissents from Part II.

---

**8.** The amount of prejudgment interest is assumed to be $19,000 purely for the purposes of illustration.