Donald A. BLOUSTINE, Appellant,

v.

Arnold D. FAGIN, Donita Burns Douglas and Fagin, Hewett, Mathews and Fagin, a professional corporation, Appellees.

No. 86,329.

Court of Appeals of Oklahoma, Division 3.

Oct. 4, 1996.

As Corrected Oct. 14, 1996.

John L. Harlan, Sapulpa, for Appellant.

John B. Hayes, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Appellant, Bloustine, sued his attorneys, Fagin, Douglas and their lawfirm for legal malpractice as a result of the attorneys' failure to properly perfect an appeal from a divorce decree. He contends that had the appeal been properly perfected the appellate court would have resolved in his favor trial court errors in the evaluation of oil and gas properties and in the division of marital debts and assets. The trial court determined, however, that irrespective of any negligence of the part of Appellees, Appellant would not have been successful on his appeal, mooting the negligence issues.

The underlying divorce action was tried in December, 1985. Within ten days of the divorce decree Appellees, on behalf of their client, Donald Bloustine, filed a "Motion for Interpretation and/or Reconsideration" which was deemed to be the functional equivalent of a motion for new trial. With that motion still pending, they filed an appeal of the decree. No appeal was ever taken from the eventual order ruling on the motion for reconsideration. The Court of Appeals in a published opinion found the appeal to be premature and ordered it dismissed. *Bloustine v. Bloustine*, 745 P.2d 412 (Okla.App. 1987) (no appeal may be taken until after the ruling by the trial court on a motion for new trial). This legal malpractice action followed.

Appellant first contends a jury and not the judge should have determined whether the divorce appeal would have been suc-

cessful. The trial judge determined this to be an issue that the court must decide prior to any jury trial on the negligence issue. The only authority cited by Appellant in support of this proposition is a dissenting opinion from the Texas case of *Millhouse v. Wiesenthal*, 775 S.W.2d 626 (Tex.1989).

Appellees argue that jurors are not "in the loop" to decide these issues. They point out that in divorce cases both factual and legal issues are decided by the courts, not by juries. On appeal, those issues are again decided by the appellate court, not by juries. To ask a jury to decide appellate issues would be anomalous.

There is well reasoned authority supporting Appellees. A recent Utah case contains a good analysis of this issue, also in the context of legal malpractice.

> "Harline seeks to have a jury determine what only a bankruptcy judge could have determined in the first instance. We see no reason why a malpractice plaintiff should be able to bootstrap his way into having a lay jury decide the merits of the underlying 'suit within a suit' when, by statute or other rule of law, only an expert judge could have made the underlying decision. It is illogical, in effect, to make a change in the law's allocation of responsibility between judge and jury in the underlying action when that action is revisited in legal malpractice actions and thereby distort the 'suit within a suit' analytic model. *See* 2 Mallen & Smith, supra, § 27.23, at 693 n. 5. To so proceed ignores and, in some cases, contradicts the public policy goals which prompted the initial assignment of decision-making authority respectively to judges and to juries on specific issues. There is no basis for abrogating those public policy goals simply because the matter arises in a legal malpractice context."

*Harline v. Barker*, 912 P.2d 433, 440 (Utah 1996).

The Oklahoma Supreme Court reached a similar result in 1924 although it was not the primary issue in the case and there was little analysis. In *Sutton v. Whiteside*, 101 Okla. 79, 222 P. 974 (1924), plaintiff sued his attor-

ney for failing to perfect an appeal from a jury verdict in a replevin action. The attorney prevailed and when plaintiff appealed the Supreme Court found the trial court to have erred in excluding relevant evidence. The Supreme Court concluded, however, from a review of the evidence that *an appeal of the replevin judgment would not have been successful and the plaintiff had thus sustained no injury* as a result of his attorney's failure to appeal. In the instant case the trial court used the correct procedure in deciding as a matter of law whether Appellant would have prevailed in appealing from the underlying divorce decree.

■ Next to be decided is whether the trial court erred in determining that Appellant's divorce appeal would not have been successful. Specifically challenged are issues of valuation and division of the marital estate. The trial court has wide discretion to divide the marital estate, but its division must be just and reasonable. 43 O.S.1991 § 121; *Kiddie v. Kiddie,* 563 P.2d 139, 140 (Okla.1977). The trial court's judgment is presumed correct and will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence, contrary to law, or an abuse of the court's discretion. *Teel v. Teel,* 766 P.2d 994, 998 (Okla.1988); *Randol v. Randol,* 849 P.2d 1118, 1121 (Okla. App.1993).

■ The divorce decree awarded appellant, *inter alia,* all oil and gas interests owned personally by him and all stock in DAB, Ltd., an Oklahoma corporation of which appellant was majority shareholder and chief executive officer. Appellant was also ordered to pay all the debts of the marriage and all indebtedness on any asset awarded to him. The trial court's letter order which preceded the divorce decree and was incorporated by reference therein found the individual and corporate owned oil and gas interests "have a total current equity value of $1,250,000.00." Appellant contends the divorce court, in determining this value, failed to deduct $352,700.00 in indebtedness in Appellant's personally owned oil and gas properties.

The parties stipulated that the gross value of the personally owned oil and gas proper-

ties was $290,000.00. That figure was determined by wife's expert who analyzed Appellant's oil and gas properties and testified regarding their value. He did not in his analysis, however, factor in any debt which was secured by those personal oil and gas properties. He explained that he did not have the data concerning that debt. The expert valued Appellant's interest in the corporate owned oil and gas properties at $960,-380.00. Debt on those properties was factored into this valuation.

Appellant testified at some length about this personal debt. The fact of the debt was clearly established and was not disputed. The personal debt secured by the personally owned oil and gas properties was $300,000.00 at the time of the divorce. Earlier, Appellant had a bank loan of $350,000.00 secured by these properties. It, however, had been paid down to $300,000.00. Two other bank loans in the total amount of $52,700.00 had been taken out and one of which was used with other funds to pay down the larger note from $350,000.00 to $300,000.00. Appellant considered the $52,700.00 loans to be part of the indebtedness secured by the personal oil and gas properties. In fact, though, he testified that those were just signature loans. No reason was articulated as to why those loans should be considered in determining the equity value of the personal oil and gas properties. Although undoubtedly legitimate debt, no evidence is shown that the $52,-700.00 debt was secured by the personal oil and gas properties.

Appellant insists that the divorce court adopted (and rounded off to $1,250,000.00) the valuation of all oil and gas properties ($1,250,380.00) of wife's expert. Appellee's brief admits this to be probable. Although there was evidence of other valuations, it is difficult, if not impossible, to explain the court's valuation using any other evidence. In all probability the divorce court did base this finding on the evidence from wife's expert.

The fact that the divorce court did not factor in the $300,000.00 debt secured by the personal oil and gas properties in valuing the equity in those properties would not neces-

sarily be reversible error if the division of property was otherwise equitable. *Teel v. Teel,* 766 P.2d at 997; *Silverstein v. Silverstein,* 748 P.2d 1004, 1006 (Okla.1987) (The division of property need not be equal but must be equitable.) But the divorce court's division of property, including $500,000.00 to be paid to wife as alimony in lieu of property came very close to an equal division—$841,-650.00 (50.7%) to Appellant and $816,850.00 (49.3%) to wife. When the non-included $300,000.00 debt is included the comparison changes significantly. Appellant's share drops to $541,650.00 (39.9%), while wife's percentage rises to 60.1%. It appears the divorce court was attempting to fashion a division of property which, when adjusted by the alimony award, was very close to equal between the parties. There is no logical explanation that rationalizes or justifies the omission of $300,000.00 in debt. The clear weight of the evidence shows it to be a material oversight by the divorce court which renders the property division award inequitable.

Had the appellate courts had the opportunity to decide the merits of the divorce action appeal, the opinion of this Court is that they would have recognized the error of the trial court in failing to account for the $300,000.00 debt in determining the equity value of the personal oil and gas properties. Rather than redividing the property, they would have adjusted the alimony in lieu of property to achieve the equalization obviously sought by the trial court. That would be most easily accomplished by reducing Appellant's obligation for alimony in lieu of property by $137,600.00.

■ Appellant next contends that the divorce court, in valuing the DAB corporate oil and gas properties, used an outdated and incorrect figure for the debt. The divorce case was tried in December, 1985. It is argued that the trial court accepted and used the debt figure of $2,765,569.00 testified to by wife's expert which was current as of January, 1985, and which had been provided by Appellant. Appellant contends the trial court erred in not using a debt valuation of $3,333,909.00 as shown on the DAB corporate balance sheet on October 31, 1985.

The real question here is whether the court's valuation of the DAB corporate oil and gas properties was against the clear weight of the evidence. Even if the divorce court used the older debt valuation (which may or may not have been the case), evidence of that valuation is properly in the record. Further, the evidence Appellant would have had the trial court use was not independently prepared, but was apparently prepared by Appellant a month or two before trial. The trial court may well have thought the more current evidence lacked credibility and was less reliable than that evidence that was several months older. It is not shown that the court's valuation of the DAB corporate oil and gas properties was against the clear weight of the evidence.

■ The final allegation of error raised in the Petition in Error is that Appellant was ordered to pay indebtedness incurred by wife after the parties separated, but before they were divorced. Wife incurred over $8,000.00 in debts from redecorating the parties' house after Appellant moved out. Appellant claims he only agreed to pay for some new furniture. Wife also incurred credit card debts prior to the temporary order hearing which Appellant though she should have paid from the $7,400.00 per month temporary alimony she was receiving.

The divorce court's letter order of January, 1986, ordered Appellant to pay all "unpaid debts of the marriage and the unpaid debts of both parties through the date of this letter order ...". Appellant does not argue that post-separation debts incurred by wife cannot be ordered paid by husband, nor does he argue that it was an abuse of discretion. Rather, he argues there should have been a credit for those amounts paid applied against his alimony obligation. Evaluated within the context of the entire division of the marital estate (assets and debts), the division, as altered herein, was equitable, and is not shown to be against the clear weight of the evidence or an abuse of the trial court's discretion.

■ There are other allegations of error briefed but which were not set forth in the Petition in Error. The rule that error ar-

gued in the briefs, but not set forth in the Petition in Error, will not be considered on appeal has been consistently followed by this state's appellate courts. E.g. *Jordan v. World Publishing Co.*, 872 P.2d 946 (Okla. App.1994); *DLB Energy Corp. v. Okla. Corp. Comm.*, 805 P.2d 657, 660, n. 11 (Okla.1991); *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 912 (Okla.1982); *Barber v. Flynn*, 628 P.2d 1151, 1153 (Okla.1980); *Greene v. Circle Ins. Co.*, 557 P.2d 422, 423 (Okla.1976).

The order of the trial court is reversed in part and affirmed in part. It is reversed to the extent it held that Appellant would not have prevailed in his appeal of the divorce decree. It is the holding of this Court that he would have prevailed and that his obligation for alimony in lieu of property division would have been reduced by $137,600.00 as explained above. For purposes of the professional negligence action against Appellees, that figure represents his actual damage. With these threshold issues having now been decided favorably to Appellant, this matter is remanded for trial on the issue of whether there was a breach of duty and for determination of any other remaining issues.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

GARRETT, J.; concurs in part and dissents in part.

ADAMS, V.C.J.; concurs.