2002 OK 88

**Teddy Raye NICHOLAS,**
**Plaintiff/Appellee,**

v.

**Jay V. MORGAN, Attorney At Law, Michael C. Taylor, Attorney at Law, and Accidents & Personal Injuries, Inc., d/b/a Michael C. Taylor & Associates, Defendants/Appellees,**

**State Insurance Fund,**
**Intervenor/Appellant.**

**No. 96,195.**

Supreme Court of Oklahoma.

Nov. 12, 2002.

Renee Williams, Stephen Lawrence Andrew and D. Kevin Ikenberry, Tulsa, OK, for plaintiff/appellee.

Joseph R. Farris and Kristin Blue Fisher, Tulsa, OK, for defendants/appellees.

Victor Ronald Frangione, K. David Roberts and Angela Denise Thompson, Oklahoma City, OK, for intervenor/appellant.

BOUDREAU, Justice.

¶ 1 This is an appeal by the State Insurance Fund [1] (Fund) from the district court's dismissal of its petition for intervention in a legal malpractice action.[2] The dispositive question presented on certiorari is whether the right of the insurance carrier prescribed by 85 O.S.1991, § 44(a) for *pro tanto* reimbursement of workers' compensation benefits paid extends to the proceeds of the injured worker's legal malpractice action against his attorney for failure to timely commence an action against the third-party tortfeasor. We answer in the affirmative. We hold the district court erred in dismissing the Fund's petition for intervention.

## I. Background

¶ 2 On August 13, 1991, Teddy Raye Nicholas, plaintiff/appellee, an employee of Billy Boy Construction, was engaged in the construction of a log house when an untethered log swinging from a crane hit him in the chest. Nicholas retained attorney Michael C. Taylor, defendant/appellee, to represent him in his workers' compensation claim for this work-related injury and attorney Jay V. Morgan, defendant/appellee, to represent him in his tort claim against the crane operator. Both attorneys were associated with Accidents & Personal Injuries, Inc., d/b/a Michael C. Taylor & Associates.

¶ 3 Taylor pursued Nicholas' claim under the Workers' Compensation Act.[3] The employer's insurer, the Fund, paid $83,516.75 workers' compensation benefits to Nicholas and $85,543.71 for medical expenses on behalf of Nicholas.

---

1. In 2001, the Legislature changed the official name of the State Insurance Fund to "CompSource Oklahoma." 2001 Okla.Sess.Laws, ch. 378, § 1, codified at 85 O.S.2001, § 131.

2. An order denying leave to intervene is a final, appealable order. Rule 1.20(b)(5), Supreme Court Rules, 12 O.S.2001, ch. 15, app.

3. 85 O.S.1991, §§ 1, *et seq.*, recodified at 85 O.S.2001, §§ 1, *et seq.*

¶ 4 Nicholas engaged Morgan to represent him against the third-party tortfeasors. On August 13, 1993, two years after the work-related injury occurred, Morgan filed Nicholas' tort action against the unidentified crane company and crane operator as John Doe Crane Company and John Doe Crane Operator. Morgan never effected service of process in that action.

¶ 5 Nicholas subsequently discharged both his attorneys and filed a law suit pressing two legal malpractice claims against the corporate law firm and the two attorneys, one based on the representation provided by Taylor and the other based on the representation provided by Morgan.[4] Nicholas alleged Taylor negligently failed to list all his injuries in the Form 3 resulting in a loss of workers' compensation benefits. He alleged Morgan negligently failed to investigate and timely file his action against the third-party torfeasors. The Fund filed a petition for intervention asserting it is entitled to be reimbursed for the workers' compensation benefits it paid to or on behalf of Nicholas from any recovery in the legal malpractice claim against Morgan. The Fund cited 85 O.S.1991, § 44(a) as the legal basis of its right to intervene under 12 O.S.1991, § 2024.

¶ 6 Taylor and Morgan and their firm pressed for dismissal of the petition for intervention. They contended that the language of 85 O.S.1991, § 44(a) restricts the assignment of an injured worker's right to sue the third-party tortfeasor only to claims against the tortfeasor and that it does not apply to other claims the injured worker may have. The district court agreed and dismissed the Fund's petition for intervention. Thereafter, according to the Fund, appellees, plaintiff and defendants in the legal malpractice action, settled the action without notice to the Fund and without court approval.

¶ 7 The Fund timely appealed the order dismissing its petition for intervention assert-

4. A party asserting a claim to relief may join as many claims, legal or equitable, as he has against an opposing party. 12 O.S.2001, § 2018.

5. Although the language in the most recent codification of § 44 remains the same as the 1991 version, this opinion references the 1991 statute. Title 85 O.S.1991, § 44, recodified without amendment at 85 O.S.2001, § 44, reads:

ing that the trial court erred by failing "to recognize the Intervenor's statutory right of subrogation provided by title 85 O.S. § 44". The Court of Civil Appeals essentially determined that the Fund had no interest in the legal malpractice action. The Court of Civil Appeals viewed the § 44(a) assignment of an injured worker's right of action against a third-party tortfeasor when the worker elects to take workers' compensation benefits as an exception to our prohibition against assignment of tort claims and refused to extend the exception beyond the express statutory language. The Court of Civil Appeals affirmed the district court's dismissal and we granted the Fund's petition for writ of certiorari review of that opinion.

## II. Standard of Review

¶ 8 We must decide whether the district court properly construed the provisions of 85 O.S.1991, § 44(a) when it dismissed the Fund's petition for intervention in the legal malpractice action below. Statutory construction presents a question of law. *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶ 6, 16 P.3d 1120, 1122–1123. On review, a district court's legal rulings are subject to an appellate court's plenary, independent and nondeferential reexamination. *Id.*

## III. 85 O.S.1991, § 44(a) provides a paying employer or insurance carrier, as a statutory assignee, the right to seek reimbursement from an injured worker after the latter is paid settlement proceeds of a claim against a third-party tortfeasor.

¶ 9 When a worker suffers an on-the-job injury at the hands of a tortfeasor not in the same employ, two potential claims come into being, 1) a workers' compensation claim, and 2) a third-party tort claim. Title 85 O.S.1991, § 44(a)[5] governs the rights of the

(a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such

employer or insurance carrier liable for workers' compensation benefits as to claims against third parties. *Parkhill Truck Co. v. Wilson,* 1942 OK 168, 190 Okla. 473, 125 P.2d 203;[6] and, *Prettyman v. Halliburton Co.,* 1992 OK 63, 841 P.2d 573. It provides the procedural requirements to be followed when an injured worker pursues a third-party tortfeasor.

¶ 10 A worker injured by the tortious conduct of another not in the same employ must elect to take workers' compensation benefits or to pursue recovery from the tortfeasor. If the injured worker elects to take workers' compensation benefits,

other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the Court. Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee. After the expenses and attorneys fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree.

In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer

§ 44(a) unequivocally assigns the injured worker's action against the third-party tortfeasor to the employer or insurance carrier. *ACCOSIF v. American States Insurance Company,* 2000 OK 21, 1 P.3d 987, 990, footnote 4. By the terms of the statute, the paying employer or insurance carrier stands as a statutory, *pro tanto* assignee of the injured worker's chose in action against the tortfeasor. *Id.*

¶ 11 In *ACCOSIF v. American States Insurance Company,* 2000 OK 21, at ¶ 10, 1 P.3d at 992, this Court held that the status of a paying employer or insurance carrier, as an

or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.

(b) The employer or his insurance carrier shall not have the right of subrogation to recover money paid by the employer or his insurance carrier for death claims or death benefits under the Workers' Compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no death claim or death benefits under the Workers' Compensation Act.

(c) The employer or his insurance carrier shall have the right of subrogation to recover money paid by the employer or his insurance carrier for the expenses of the last illness or accident under the Workers' Compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no benefits under the Workers' Compensation Act.

6. *Parkhill Truck Co. v. Wilson,* 125 P.2d at 207–208, explained that the workers' compensation statutes, enacted for the benefit of workers, require the employer or insurance carrier to compensate the worker for job-related injury without regard to negligence. The statutes do not abrogate or modify a worker's common-law right to exact damages from a person not in the same employ who tortiously injures the worker. However, because the employer and insurance carrier have greater responsibilities under the statutes, § 44(a) protects them to the extent of the workers' compensation benefits paid whenever the worker suffers an on-the-job injury caused by a negligent third-party. ·

assignee, provides the employer or insurance carrier with the right to seek reimbursement against the injured worker after the latter is paid the settlement proceeds of a claim against a third-party tortfeasor. In *Nestle Food Co. v. Crews*, 2000 OK 58, ¶ 17, 11 P.3d 205, 211, this Court described the employer's or insurance carrier's claim against the injured worker as an action to recover its "statute-based *pro tanto* share of its § 44(a) assignment." In both cases, the Court recognized the right of the employer or insurance carrier, as assignee of a chose in action against the tortfeasor, to bring an action against the injured worker to recover its statutory-assigned share of the worker's settlement with the tortfeasor.

## IV. The right of the Fund under 85 O.S. 1991, § 44(a) for reimbursement of workers' compensation benefits paid extends to the proceeds of the workers' malpractice action against his attorney for failure to timely file the third-party tort action.

 ¶ 12 Section 44(a) is designed to protect the employer or insurance carrier, as an assignee, against the injured worker and the third-party tortfeasor to the full extent of the workers' compensation benefits paid and to guard against double recovery by the injured worker. *Prettyman v. Halliburton Co.*, 841 P.2d at 577; and *Parkhill Truck Co. v. Wilson*, 125 P.2d at 207 (the "entire section of the act was enacted to accomplish the avowed purpose of protecting the employer and insurance carrier" and "in no event . . . can the injured employee have the benefits of double compensation"). This Court has consistently construed § 44(a) to guard against double recovery. *German v. Chemray, Inc.*, 1977 OK 90, 564 P.2d 636; *Russell v. Bill Hodges Truck Company*, 1983 OK 48, 663 P.2d 724; and, *Landrum v. National Union Insurance Company*, 1996 OK 18, 912 P.2d 324.[7]

¶ 13 When a cause of action against the third-party tortfeasor is lost due to the negligence of the injured worker's attorney, a different claim arises against the attorney. Defendants argue that neither the employer nor the insurance carrier has any rights in the proceeds of this claim. They contend that under the explicit language of § 44(a), the rights possessed by the insurance carrier, as an assignee, are limited to the proceeds of an action against or a settlement with a third party who is alleged to be responsible for the worker's compensable injury. We disagree.

 ¶ 14 In this jurisdiction, an injured worker must establish the recovery which he or she could have obtained if the legal malpractice had not occurred in order to recover against an attorney for missing the time bar for filing the claim. *Allred v. Rabon*, 1977 OK 216, 572 P.2d 979.[8] In such a case, damages are normally proved by introducing evidence establishing the value of the claim lost due to the attorney's neglect.[9] Such a

---

7. *German v. Chemray, Inc.*, 564 P.2d at 640–641 (deciding that § 44 allows the injured worker to sue a physician for negligent treatment of the work-related injury and entitles the insurance carrier to reimbursement for the workers' compensation paid for any injury over and above the original injury so as to guard against a double recovery by the injured worker); *Russell v. Bill Hodges Truck Company*, 663 P.2d at 726 (construing the term "compensation" as used in § 44 to include not only the monetary benefits paid the injured worker but also the medical and hospital payments so as to guard against a double recovery by the injured worker); and *Landrum v. National Union Insurance Company*, 912 P.2d at 329–330 (deciding that the injured worker is not entitled to prejudgment interest on that portion of the damages awarded against the third-party tortfeasor equal to the amount of workers' compensation benefits received so as to

guard against a double recovery by the injured worker).

8. *See also, Collins v. Wanner*, 1963 OK 127, 382 P.2d 105, 108 (citing *Sutton v. Whiteside*, 1924 OK 189, 101 Okla. 79, 222 P. 974, for the proposition that in order to prove damages in a legal malpractice case, a plaintiff has the burden of proving that but for the negligence complained of, he or she would have been successful in the prosecution or defense of the action wherein the negligent representation allegedly occurred).

9. *Chocktoot v. Smith*, 280 Or. 567, 570, 571 P.2d 1255 (1977) (explaining that the jury in the malpractice case is called upon, in effect, to decide what the outcome for plaintiff would have been in the earlier case if it had been properly tried).

case has been referred to as a "case within a case" because the damages against the attorney are wholly derived from the original action against the third-party tortfeasor. *Bloustine v. Fagin,* 1996 OK CIV APP 122, 928 P.2d 964.[10]

¶ 15 The assignment language in § 44(a) provides that "the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation". This language does not literally extend the assignment to the proceeds of a worker's claim against a negligent attorney. Nevertheless, it is clear that the announced legislative policy behind § 44(a) can be vindicated only if the Fund's right of reimbursement of workers' compensation benefits paid extends to the proceeds of the worker's malpractice action against his attorney.

¶ 16 A long-standing rule of statutory construction followed in this jurisdiction is that the manifest intent of the legislature will prevail over the literal import of the words. *Keck v. Oklahoma Tax Commission,* 1940 OK 352, 188 Okla. 257, 108 P.2d 162; *Parkhill Truck Co. v. Wilson, supra.; Bell v. United Farm Agency,* 1956 OK 73, 296 P.2d 149; *and, Moser v. Liberty Mutual Insurance Co.,* 1986 OK 78, 731 P.2d 406.[11] In

*Parkhill Truck Co. v. Wilson,* the court considered a dispute over the construction of § 44, the same statute in controversy in this case. Parkhill Truck Company, the third-party tortfeasor, contended that the injured worker could not maintain the suit after electing to receive workers' compensation benefits because § 44 assigned the action to the insurance carrier. The *Parkhill* court refused to apply the literal import of the words "elect" and "assign," reasoning that such a construction of § 44 would violate the legislative intent and destroy the injured worker's common-law tort action.[12]

¶ 17 Nicholas' malpractice claim against Morgan is derived from his claim against the third-party tortfeasors. The damages he now seeks against Morgan are the same damages that he would have sought to recover for his personal injury in a timely filed suit against the third-party tortfeasors. If Nicholas is allowed to retain the proceeds of this malpractice action free from any claim for reimbursement by the Fund, he would reap a double recovery, a result contrary to the legislative purposes of § 44(a). Under these circumstances, the intent of § 44(a) can be vindicated only if we conclude that the right of the Fund under 85 O.S.1991, § 44(a) for reimbursement of workers' compensation

10. *Bloustine v. Fagin, supra.,* involved a legal malpractice claim for failure to properly perfect an appeal in a divorce case. We have no extant jurisprudence that enunciates the measure of damages that an injured worker may be entitled to recover in a legal malpractice claim for missing the time bar for filing a third-party tort claim. However, other jurisdictions, which have allowed an employer or insurance carrier the right to seek reimbursement from potential proceeds of the injured worker's legal malpractice action, have expressly viewed the malpractice action as "a case within a case." *Toole v. EBI Companies,* 314 Or. 102, 838 P.2d 60 (1992)(legal malpractice suit is often "a case within a case"); and *Frazier v. New Jersey Manufacturers Insurance Co.,* 142 N.J. 590, 667 A.2d 670 (1995) (the measure of damages for legal malpractice is ordinarily the amount that the client would have received but for his attorney's negligence or "a suit within a suit").

11. This case law makes it clear that a statute will be interpreted to achieve its legislative purpose: "It frequently happens that the true intention of a legislative body is not expressed by the language employed in the statute, when literally

construed. In such cases ... the real purpose and intent will prevail over the literal import of the words employed." *Keck v. Oklahoma Tax Commission,* 108 P.2d at 164; and "Courts will not follow the letter of a statute when it leads away from the real intent and purpose of the Legislature and to conclusions that are inconsistent with the general purpose of the act." *Bell v. United Farm Agency, Inc.,* 296 P.2d at 152.

12. The following jurisdictions have utilized the rule that the literal import of the words must give way to the manifest intent of the statute: *Toole v. EBI Companies,* 314 Or. 102, 838 P.2d 60 (1992); and *Bongiorno v. Liberty Mutual Insurance Co.,* 417 Mass. 396, 630 N.E.2d 274 (1994). Other jurisdictions have refused to enforce the general statutory policy against double recovery at the expense of the specific terms of the statute. *Sladek v. K Mart Corp.,* 493 N.W.2d 838 (Iowa 1992); *Ramsey v. Kohl,* 231 Mich.App. 556, 591 N.W.2d 221 (1998); and *Travelers Insurance Co. v. Breese,* 138 Ariz. 508, 675 P.2d 1327 (App.1983).

benefits paid extends to the proceeds of Nicholas' malpractice action against Morgan and the firm for failure to timely file the third-party tort action.[13]

## V. The Fund's claim for reimbursement for workers' compensation benefits paid is not time barred.

¶ 18 In response to the petition for certiorari, appellees contend that the Fund lost its right to seek reimbursement for workers' compensation benefits paid when it failed to timely sue the third-party tortfeasor. This contention is contrary to our recent pronouncements in *ACCOSIF v. American States Insurance Company, supra.*

¶ 19 *ACCOSIF* decided that the two-year limitation period for suing the third-party tortfeasor does not apply to the insurance carrier's § 44(a) claim for *pro tanto* reimbursement against the injured worker. *ACCOSIF* held the insurance carrier's claim for *pro tanto* reimbursement against the injured worker does not accrue until the worker becomes entitled to receive proceeds from the tortfeasor.

## VI. The district court erred when it dismissed the Fund's petition for intervention.

¶ 20 Intervention in an action is controlled by 12 O.S.1991, § 2024. Intervention is mandatory where a statute confers an unconditional right to intervene or where the intervenor claims an interest relating to the property or transaction which is the subject of the action and the disposition of the action may impair or impede his ability to protect

that interest. *Tulsa Rock Co. v. Williams,* 1982 OK 10, ¶ 5, 640 P.2d 530, 532.

¶ 21 This Court has recognized the right of an employer or insurance carrier, having paid workers' compensation benefits, to intervene in an action against a third-party tortfeasor. *Landrum v. National Union Insurance Co.,* 1996 OK 18, at ¶ 12, 912 P.2d at 328, ("National Union had the right to intervene in Mrs. Landrum's suit because doing so protected National Union's right to its share of any recovery realized by Mrs. Landrum from the defendants.") [14]

¶ 22 Because the § 44(a) right of the Fund for reimbursement extends to the proceeds of the malpractice action against Nicholas' attorney for failure to timely file the third-party tort action, the district court erred when it dismissed the Fund's petition for intervention.

## VII. Conclusion

¶ 23 In conclusion, 85 O.S.1991, § 44(a) provides a paying employer or insurance carrier, as a statutory assignee, the right to seek reimbursement from an injured worker after the latter is paid settlement proceeds of a claim against a third-party tortfeasor. This right of reimbursement extends to the proceeds of the workers' malpractice action against his attorney for failure to timely file the third-party tort action. The district court erred when it dismissed the Fund's petition for intervention.

¶ 24 Accordingly, the district court's dismissal order on appeal is reversed. This cause is remanded for further proceedings consistent with this opinion.

---

13. Nicholas alleged two different malpractice claims, a claim against Taylor for negligence in the manner in which he represented Nicholas in the Workers' Compensation Court and a claim against Morgan for failure to timely file his third-party tort action in district court. In its quest for intervention, the Fund does not distinguish between these two claims. The defending attorneys, however, argue there will be no double recovery even if Nicholas prevails on his claim against Taylor because that claim rests on allega-

tions that Taylor failed to list all his injuries in his workers' compensation claim against the Fund. This opinion decides the Fund's right of reimbursement to any recovery on the claim against Morgan and not the claim against Taylor.

14. Under *Landrum v. National Union Insurance Co., supra.,* the right to intervene does not bring with it the right to participate.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS, DIVISION III, VACATED; DISTRICT COURT'S DISMISSAL ORDER REVERSED; CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

WATT, V.C.J., and HODGES, LAVENDER, OPALA, and WINCHESTER, JJ., concur.

HARGRAVE, C.J., and KAUGER and SUMMERS, JJ., dissent.