237 P.3d 217 (2010)
2010 OK 59
In the Matter of A.L.F., N.W.S., and, J.L.S., Alleged Deprived Children.
State of Oklahoma, Appellees,
v.
James L. Sparks and Lisa M. Sparks, Appellants.
No. 106,831.
Supreme Court of Oklahoma.
July 6, 2010.
*218 Heather J. Russell Cooper, Assistant District Attorney, Ardmore, OK, for Appellee.
Gordon R. Melson, Seminole, OK, for Appellants.
HARGRAVE, J.
¶ 1 In May 2006, the State of Oklahoma filed a petition to have the children, A.L.F., N.W.S., and J.L.S. adjudicated deprived. The children's parents are James and Lisa Sparks. The State sought adjudication on the grounds that the children did not have proper parental care of guardianship and that the Parents' home was an unfit place for Children due to Parents' neglect and abuse. More specifically, the State alleged:
(1) Children were found living in an unsanitary and unhealthy home without proper furnishings for Children: (2) Father had engaged in inappropriate sexual activity with the child A.L.F.; (3) Father had used inappropriate physical discipline with the child A.L.F.; (4) James Sparks abuses alcohol affecting his ability to properly care for his children; (5) Parents have engaged in domestic violence in front of the Children; and (6) Children are at risk of harm if left in the custody of Parents.
¶ 2 Parents stipulated to the allegations and waived the adjudication hearing. The trial court entered an Order of Adjudication ordering the Children adjudicated wards of the court as deprived. The Department of Human Services filed an individualized service plan with the trial court. In August 2006, the trial court entered an Order of Disposition wherein it ordered:
That the parents shall demonstrate that they have corrected the conditions which caused the children to become deprived by, at a minimum abiding by the following standards of conduct, the failure of which may result in the termination of their parental rights:
a. Provide a home that is safe stable, an hygienic, with furniture and appliances suitable to meet the basic needs of the children;
b. Demonstrate the ability to provide a stable family environment that combine the appropriate support, nutrition, education, protection and nurturing;
c. Maintain employment that will provide sufficient income to meet the needs of the parents and the wards;
d. Complete a substance abuse assessment approved by said Department and complete such course of substance abuse treatment as may be directed by said Department as a result of said assessment and not use unlawfully or abuse controlled dangerous substances, nor associate with those that do and submit to random testing for use of controlled dangerous substances at the request of said Department;
e. Complete a course or courses of counseling approved by said Department designed to teach the following:
1. The impart of improper sexual contact with an adult on a child, the role of a parent to prevent the improper contact and how to avoid that improper contact *219 and demonstrate that they can be put into practice that which they have learned; and
2. the impact of domestic violence by adults on children, how to eliminate domestic violence from relationships and demonstrate that they can put into practice that which they have learned.
The trial court also ordered reasonable visitation times between Parents and Children and ordered Parents each to contribute $100.00 per month for Childrens' support.
¶ 3 In September 2008, pursuant to 10 O.S.2001 § 7006-1.1, the State filed an Application for Termination of Parental Rights seeking termination of Parents' parental rights to N.W.S. and J.L.S., alleging Parents had failed to correct the condition leading to the deprived adjudication (§ 7006-1.A.15); that Children had been in foster care for 15 of the last 22 months (§ 7006-1.A.15); and that termination was in the best interest of the Children. A.L.F., was the Father's stepdaughter. Mother voluntarily relinquished her parental rights to A.L.F. prior to trial.
¶ 4 Following a December 2008 Bench trial, the trial court entered two separate orders, terminating each Parent's parental rights to the son, N.W.S. and their daughter J.L.S. At the time of this bench trial N.W.S. was eleven years old and J.L.S. was eight years old. In those orders, the trial court found that the Children's deprived adjudication was caused by or contributed to by the acts or omissions of the Parent; that Parents failed to show the conditions which led to the adjudication of the Children have been corrected, although they have been given more than three months to do so; that the Children have been in foster care for 15 months of the most recent 22 months; and termination of Parents' parental rights is in the best interest of the children.
¶ 5 Pursuant to 12 O.S.2001 § 651, The Parents filed a motion to reconsider and motion for new trial based on the grounds that the trial court's decision was not sustained by sufficient evidence or is contrary to law. The trial court overruled the Parent's motion to reconsider and the Parents appealed. Court of Civil Appeal reversed finding of the trial court and certiorari was granted to review their opinion.
¶ 6 In proceedings to terminate parental rights, the paramount consideration is the Health, safety or welfare and best interest of the child. 10 O.S.2001 § 7006-1.1(A), Renumbered as 10A O.S. § 1-4-904 by Laws 2009, HB 2028, c. 233, § 263, emerg. eff. May 21, 2009. Because the presumption is that the child's best interest lie with family integrity, The State must show by clear and convincing evidence that the child's best interest is served by termination parental rights. In the Matter of C.G., 1981 OK 131, ¶ 17, 637 P.2d 66. This Court held that appellate courts must canvas the record on review to ascertain whether the trial court's finding rest on clear-and-convincing proof. In re S.B.C., 2002 OK 83, ¶ 6, 64 P.3d 1080. Furthermore, clear and convincing evidence is defined as "that measure of degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegation sought to be established." In re C.G., 1981 OK 131 n. 12, 637 P.2d 66, 71 citing In re Sherol A.S., 1978 OK 103, 581 P.2d 884.
¶ 7 After canvassing the record in the instant matter to determine if the trial court's finding rest on the clear-and-convincing standard, we find sufficient evidence exists to terminate Parents' parental rights. Evidence was presented that Mr. Sparks engaged in activity that could be considered sexual abuse on A.L.F., the daughter/step daughter to whom Mrs. Sparks voluntarily relinquished her rights. Mr. Sparks also maintained that he committed no acts of domestic violence, however, both Parents admitted that Mr. Sparks slapped A.L.F. in the face and the D.H.S. worker testified that the slap had broken the child's nose. Mrs. Sparks characterized this slap as a spanking on the face. Although, all parental rights to this child were relinquished prior to the bench trial, these events bear on the question of the fitness of the parents.
¶ 8 Evidence was presented at trial that Mr. Sparks is mentally unstable. He has been civilly committed to a mental health facility three times in the three years prior to the bench trial, and once arrested for public intoxication. In one such instance, he was *220 committed after climbing a tree at 1 a.m. with a rope around his neck, threatening to kill himself and a neighbor. He claims not to remember the incident, or any other incidents which resulted in his commitment. In court, he attributed this behavior to post-traumatic stress disorder brought on by the removal of his children, however, he told his D.H.S. caseworker that he has been diagnosed with bipolar disorder. He admits that he is undergoing mental health treatment, but that sometimes he decides not to take his medication.
¶ 9 The home from which the children were removed was filthy and unfit for children. A D.H.S. worker testified that N.W.S. suffers from encopresis, which is a tendency to smear his feces on wall, clothing, and himself. He also has a habit of urination on his clothing and possessions and has defiant behaviors of anger. He exhibited encopresis before he was removed from the home and the Parents did not recognize it as a problem. Because of these difficulties, N.W.S. remains in therapeutic foster care. J.L.S. cannot currently be placed with N.W.S. because of his need for therapeutic foster care.
¶ 10 The evidence favoring the Parents show that for three months they have secured an acceptable three bedroom house. They are both employed and only a few payments behind on child support. Mrs. Sparks has completed her domestic abuse counseling. Mr. Sparks has nearly completed his sex offender counseling. A few neighbors and acquaintances testified that the Sparks were basically good people. The sex offender counselor testified that according to his test results, which are largely based on self-reporting, Mr. Sparks does not have an alcohol dependency problem nor does he show any sexual deviance toward children.
¶ 11 All of this evidence is overwhelmed by the State's evidence. The Parents have not maintained the same home for any meaningful length of time. They were not current on their child support. They moved from job to job and were fired from some of these jobs for non-attendance. Whether or not Mr. Sparks has a dependence on alcohol, it is clear that when Mr. Sparks does consume alcohol, he behaved extremely erratically. Mr. Sparks is mentally ill and has been civilly committed three times in three years. Whether or not he has tendency towards child sexual abuse, the incident with A.L.F. is very disturbing, coupled with his and Mrs. Sparks attitude toward domestic violence.
¶ 12 The State must prove by clear and convincing evidence that the child's best interest are served by terminating the parent's parental rights, after having shown that the child is deprived because of the acts or omissions of the parent and that the parent has failed to correct the conditions which lead to the adjudication of the child is deprived. 10 O.S.2001 § 7006-1.1(A), Renumbered as 10A O.S. § 1-4-904 by Laws 2009, HB 2028, c. 233, § 263, emerg. eff. May 21, 2009; In re Matter of S.B.C., 2002 OK 83, ¶ 5, 64 P.3d 1080. The State has met this burden and the trial court did not err by issuing the order of termination.
OPINION OF THE COURT OF CIVIL APPEALS VACATED AND RULING OF TRIAL COURT AFFIRMED.
¶ 13 ALL JUSTICES CONCUR.