## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

MARY BURNHAM,

        Plaintiff - Appellant,

v.

HUMPHREY HOSPITALITY REIT
TRUST, INC., doing business as
Humphrey Associates Incorporated,
doing business as Super 8 Motel;
HUMPHREY HOSPITALITY
LIMITED PARTNERSHIP;
HUMPHREY HOSPITALITY
MANAGEMENT INC.; HUMPHREY
HOSPITALITY TRUST, INC.,

        Defendants - Appellees.

No. 04-3062

## ORDER
Filed March 30, 2005

Before **TACHA**, Chief Circuit Judge, **HENRY**, and **HARTZ**, Circuit Judges.

Upon the court's own motion, the order and judgment dated March 4, 2005

is hereby published.  A copy of the published opinion is attached.

Entered for the Court
Patrick Fisher, Clerk of Court

By:
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 4 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARY BURNHAM,

        Plaintiff - Appellant,

v.

HUMPHREY HOSPITALITY REIT
TRUST, INC., doing business as
Humphrey Associates Incorporated,
doing business as Super 8 Motel;
HUMPHREY HOSPITALITY
LIMITED PARTNERSHIP;
HUMPHREY HOSPITALITY
MANAGEMENT INC.; HUMPHREY
HOSPITALITY TRUST, INC.,

        Defendants - Appellees.

No. 04-3062

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D. Ct. No. 03-CV-1101-MLB)**

---

Submitted on the briefs:    *

John Mac Hayes, Oklahoma City, Oklahoma, and Susan Saidian, Redmon &
Nazar, Wichita, Kansas, on behalf of Plaintiff-Appellant.

---

    *After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument

Patrick J. Murphy, Wallace, Saunders, Austin, Brown & Enochs, Chtd., Wichita, Kansas, on behalf of Defendants-Appellees.

---

Before **TACHA** , Chief Circuit Judge,    **HENRY,** and **HARTZ** , Circuit Judges.

---

**TACHA** , Chief Circuit Judge.

---

Plaintiff-Appellant Mary Burnham was injured in a shower at the Super 8 Motel in Park City, Kansas. Defendants-Appellees Humphrey Hospitality Trust, Inc., et al., moved to dismiss, arguing that the statute of limitations for negligence barred the suit. The District Court granted the Defendants' motion to dismiss. Ms. Burnham timely appeals, claiming that under Kansas law she had commenced this suit prior to the running of the statute of limitations for a negligence claim or alternatively that her complaint sounds in contract as well as tort and therefore the statute of limitations for a contract claim should apply. Defendants moved this Court to dismiss the appeal for the untimely filing of Ms. Burnham's opening brief. We take jurisdiction under 28 U.S.C. § 1291, DENY Defendants' motion to dismiss the appeal, AFFIRM the District Court's ruling, and ORDER Ms. Burnham's counsel, John Mac Hays, to SHOW CAUSE why we should not sanction him for making "a false statement of material fact . . . to a tribunal." Kan. Sup. Ct. R. 226, R. Prof. Conduct 3.3(a)(1).

## I. BACKGROUND

This case arises under diversity jurisdiction alleging a Kansas common law cause of action. *See* 28 U.S.C. § 1332. On March 29, 2001, Ms. Burnham was injured when a handrail[**] in a shower at the Super 8 Motel collapsed. As early as November 9, 2001, Ms. Burnham's counsel, John Mac Hays, contacted the Defendants' insurance carrier, Wausau Insurance Company, to inquire about reaching an insurance settlement. R. at 50. On February 8, 2002, Wausau wrote Mr. Hays and informed him that it would only provide a $5,000 supplemental medical payment. R. at 52.

Ms. Burnham apparently considered this offer unacceptable because she chose to bring suit against Defendants. Ms. Burnham filed her complaint in the District of Kansas on March 19, 2003. This original complaint incorrectly identified the defendant as "Humphrey Associates Incorporated, d/b/a Super 8 Motel." R. at 44. Mr. Hays relied upon this name because during his correspondence with Wausau he referred to the Defendants in this manner. R. at 47–48.

In an affidavit, Mr. Hays avers that after filing the complaint he discovered that neither "Humphrey Associates Incorporated" nor "Super 8 Motel" were

---

[**]The parties dispute whether there was a handrail in the shower, but because the District Court granted the Defendants' motion to dismiss, we assume the facts as alleged by Ms. Burnham.

registered entities with the Kansas Secretary of State. R. at 48. He further claims that he contacted the Park City Motel 8 and inquired as to its authorized agent to receive service. *Id*. The employee at the Motel 8 did not know who the appropriate agent was. *Id*.

At this point, Mr. Hays could have rendered service of process under Kan. Stat. Ann. § 60-304(f), which allows service of the Secretary of State in such instances. Instead of serving the Secretary of State, Mr. Hays alleges that on March 28, 2003 he mailed a copy of the complaint and summons via first class mail to "the proprietor" of the Super 8 Motel in Park City. R. at 48, 54. Mr. Hays does not have a return receipt because he failed to use certified mail.

The Defendants contend they never received the March 28, 2003 letter or the accompanying complaint and summons. Although Mr. Hays claims to have sent a summons with the complaint, we note that the District Court's docket shows that the first issuance of a summons in this case did not occur until July 15, 2003—some 109 days after a summons was allegedly mailed to the Defendants. R. at 2–3. Further, the only summons copies included in the record are copies of the July 15, 2003 summons. R. at 13, 15, 17, 19.

Nonetheless, Ms. Burnham filed an amended complaint listing the Defendants by their appropriate names on July 15, 2003. The Defendants were properly served with a copy of the amended complaint and summons on that date.

The Defendants responded by filing a motion to dismiss.  *See* Fed. R. Civ. P. 12(b)(6).

In their motion, the Defendants argued that Ms. Burnham's claim sounded in negligence and was subject to a two-year statute of limitations.  *See* Kan. Stat. Ann. § 60-513(a)(4).  Because Ms. Burnham was injured on March 29, 2001, the Defendants argued that the statute ran on March 29, 2003.  The Defendants conceded that Ms. Burnham's original complaint, which was filed on March 19, 2003, was timely.  Nevertheless, they argued that March 19, 2003 is not the commencement date for statute of limitations purposes because they were not adequately served until July 15, 2003.  *See* Kan. Stat. Ann. § 60-203(a).  Ms. Burnham replied that the March 28, 2003 letter and accompanying complaint and summons substantially satisfied the Kansas service of process requirements.  *See* Kan. Stat. Ann. § 60-204.  She further argued that, although the original complaint misnamed the Defendants, her July 15, 2003 amended complaint related back to the original complaint.  *See* Fed. R. Civ. P. 15(c).  The District Court granted the Defendants' motion and dismissed the case.

Ms. Burnham then filed a timely notice of appeal.  Ironically for a statute of limitations case, Mr. Hays did not timely file the appellant's opening brief in this Court.  *See* Fed. R. App. P. 31(a)(1); 10th Cir. R. 31.1(A)(1).  In fact, the brief was filed over two months late.  As a result, the Defendants moved this

Court to dismiss Ms. Burnham's appeal.  *See* Fed. R. App. P. 31(c).

Ms. Burnham's opening brief was eventually filed.  She renews her argument that her March 28, 2003 letter substantially complied with service of process under Kansas law and that her July 15, 2003 amended complaint relates back.  She also argues that the District Court inappropriately considered facts outside of those alleged in the complaint in its Rule 12(b)(6) ruling.  Finally, for the first time on appeal, she argues that her complaint sounds in contract, thereby garnering a longer statute of limitations.  At the request of all parties, we submitted this case without oral argument.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

## II.  MOTION TO DISMISS APPEAL

First, we consider Defendants' motion to dismiss this appeal.  It is beyond dispute that Mr. Hays was tardy by two months in filing the opening brief.  *See* Fed. R. App. P. 31(a)(1).  Moreover, he offers no explanation for the delay.  *See* Response to Motion of Appellees to Dismiss Appeal (May 13, 2004).  Finally, Rule 31(c) specifically states that "[i]f an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal."  Fed. R. App. P. 31(c).

The untimely filing of a brief is not jurisdictional, however, and we have discretion to excuse a late filing.  *See Bartell v. Aurora Public Schs.*, 263 F.3d

- 6 -

1143, 1146 (10th Cir. 2001). As such, it is the practice of this Court "not [to] grant motions to dismiss for failure to follow Fed. R. App. P. 31(a)(1)." *Id.* Thus, even though a two-month delay is far from a de minimis violation and Rule 31 permits such a motion, we deny Defendants' motion to dismiss this appeal. We expect Mr. Hays to refrain from such dilatory conduct in future appearances before this Court.

### III. STATUTE OF LIMITATIONS

Because this is a diversity case, substantive issues are controlled by state law and procedural issues are controlled by federal law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). A federal court sitting in diversity applies state law for statute of limitations purposes. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109–110 (1945). Moreover, state law determines when an action is commenced for statute of limitations purposes. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980). Therefore, we apply Kansas law for the statute of limitations questions raised on this appeal.

Ms. Burnham presents two arguments claiming that the District Court erred in dismissing her complaint. She first argues that her complaint included a contract claim and that the statute of limitations had not run with respect to this claim. She also argues that she substantially complied with Kansas's service of process statute before the statute of limitations had run and therefore her suit is

not barred.

A.      Contract Claim

Ms. Burnham first argues that her complaint sounds in contract as well as tort. In the proceedings below, Ms. Burnham, the Defendants, and the District Court all treated her complaint as asserting a common-law negligence claim. As such, the District Court found that under Kansas law a two-year statute of limitations applied. Kan. Stat. Ann. § 60-513(a)(4).

On appeal, Ms. Burnham argues for the first time that her complaint includes both a contract and negligence claim. The statute of limitations for a contract claim is a minimum of three years. *See* Kan. Stat. Ann. § 60-512(1) (three-year statute of limitations for unwritten contracts); Kan. Stat. Ann. § 60-511(1) (five-year statute of limitations for written contracts). Because the Defendants were adequately served by July 15, 2003, the statute of limitations for a contract claim would not have run under either of these statutory provisions. Nevertheless, as this argument is raised for the first time on appeal, we will not consider it. *See Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000).

B.      Substantial Compliance and Relation Back

Ms. Burnham next argues that although the March 28, 2003 letter did not technically comply with Kansas's service of process statutes, *see* Kan. Stat. Ann.

§§ 60-303–60-304, she was in substantial compliance under Kan. Stat. Ann. § 60-204. While she admits that the original complaint does not name the proper defendants, she contends that her July 2003 amended complaint, which properly names the Defendants, relates back to her March 2003 complaint.

1.    *Standard of Review*

The District Court dismissed Ms. Burnham's complaint in response to Defendants' motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, a court's factual inquiry is limited to the well-pleaded facts in the complaint, which the court must assume are true for purposes of the motion. *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist*., 353 F.3d 832, 837 (10th Cir. 2003). Because the District Court relied upon facts presented in affidavits, Ms. Burnham contends that this reliance converted the motion to dismiss into a motion for summary judgment. Ms. Burnham further notes that the District Court failed to provide notice that it was converting the motion. We agree.

When a party moves to dismiss under Rule 12(b)(6) and the district court relies upon material from outside the complaint, the court converts the motion to dismiss into a motion for summary judgment. *Lamb v. Rizzo*, 391 F.3d 1133, 1136 (10th Cir. 2004). When a district court does this, it must provide the parties with notice so that all factual allegations may be met with countervailing

evidence. *See Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986). However, if a party is not prejudiced by the conversion, the court of appeals should proceed with the appeal, relying upon summary judgment standards, without remanding. *Lamb*, 391 F.3d at 1136 n.3.

Although no notice was given, Ms. Burnham was not prejudiced by this conversion. The Defendants' motion to dismiss relied exclusively upon the facts as pleaded in the complaint. R. at 23–26. Ms. Burnham's opposition to the motion to dismiss first introduced affidavits containing facts beyond those in the complaint. R. at 30–54. The Defendants only introduced affidavits in their reply brief to counter those of Ms. Burnham. R. at 59–68. Because Ms. Burnham had the opportunity to introduce evidence that was not contained in the complaint, we hold that Ms. Burnham was not prejudiced by converting the motion to dismiss to a motion for summary judgment. *Cf. Lamb*, 391 F.3d at 1136 n.3 (finding no prejudice when plaintiff "not only failed to object to the exhibits attached to [defendant's] motion to dismiss, but [plaintiff] also filed his own exhibits in response."). Because Ms. Burnham was not prejudiced by the conversion of the motion to dismiss to a motion for summary judgment, we review the District Court's dismissal as a grant of summary judgment. *Id.* at 1136.

We review a district court's grant of summary judgment de novo. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment

is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence, and draw reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Byers*, 150 F.3d at 1274.

Although the movant must show the absence of a genuine issue of material fact, it "need not negate the nonmovant's claim." *See Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996). Once the movant carries this burden, the nonmovant cannot rest upon its pleadings, but "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof." *Id.* "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997).

2.  *Merits*

Ms. Burnham was injured on March 29, 2001. Because she brings a tort claim, a two-year statute of limitations applies. *See* Kan. Stat. Ann. § 60-513(a)(4). As such, the statute of limitations ran on March 29, 2003.

In order to determine whether Ms. Burnham's complaint escapes the statute of limitations' bar, we must determine the date on which this action commenced. As with other issues touching upon the statute of limitations, we rely upon Kansas law in making this determination. *See Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533–34 (1949) (holding that state law, not the Federal Rules of Civil Procedure, determines when an action is commenced in a diversity case for statute of limitations purposes).

Under Kansas law, the date on which a suit is commenced is determined as follows:

> A civil action is commenced at the time of (1) Filing a petition with the clerk of the court, if service of process is obtained . . . within 90 days after the petition is filed, or (2) service of process or first publication, if service of process . . . is not made within the time specified by provision (1).

Kan. Stat. Ann. § 60-203(a).

Ms. Burnham's original complaint was filed on March 19, 2003. Thus, so long as she successfully served the Defendants by June 17, 2003, this suit commenced on March 19, 2003. *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). If she did not serve the Defendants until after June 17, 2003, that later date of service constitutes the commencement of this action. The parties agree that the Defendants were successfully served on July 15, 2003. Of course, if July 15 is the commencement date, this action is barred by the statute of

limitations. Ms. Burnham, therefore, argues that Mr. Hays's March 28, 2003 letter constituted service within 90 days of filing the original petition. She further contends that although the original complaint misnames the Defendants, the amended complaint properly identifies the Defendants and relates back to the original complaint. *See* Fed. R. Civ. P. 15(c).

Under the Federal Rules of Civil Procedure, a domestic corporate defendant may be served in one of two ways. Fed. R. Civ. P. 4(h)(1). First, defendant may be served pursuant to the laws of the forum state. *Id.* (referencing Fed. R. Civ. P. 4(e)(1)). Second, a defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." *Id.* Ms. Burnham does not argue on appeal that the Defendants were served by way of the second method nor does she assert that the Defendants waived service of a summons. *See* Fed. R. Civ. P. 4(d). Therefore, Mr. Hays's March 28, 2003 letter constitutes service only if it is adequate under Kansas law.

Under Kansas law, service by mail must be made by posting "a copy of the process and petition" by way of certified mail evidenced by return receipt. Kan. Stat. Ann. § 60-303(b). Further, when serving a corporate defendant by mail, the

- 13 -

certified letter, containing a copy of the summons and complaint, must be addressed to an officer or registered agent at their usual place of business. Kan. Stat. Ann. § 60-304(e).

In an affidavit included with Ms. Burnham's opposition to the motion to dismiss, Mr. Hays stated that on March 28, 2003, he mailed a copy of the original complaint and summons to the Super 8 Motel. R. at 48. The record also contains a copy of this letter, dated March 28, 2003, that states, "Enclosed is a copy of a Complaint and Summons which my client, Mary Burnam [sic], has caused to be filed against Humphrey Associates, Incorporated in the Wichita, Kansas federal court." R. at 54. This letter addressed sent to the "Super 8 Motel Proprietor" via priority mail. *Id*. On appeal, Ms. Burnham concedes that Mr. Hays's letter, which was mailed merely to the proprietor via priority mail—not certified mail with a return receipt—does not satisfy sections 60-303(b) or 60-304(e).

Nonetheless, she argues that the March 28 letter, while not technically satisfactory, substantially complies with Kansas law under Kan. Stat. Ann. § 60-204. Section 60-204 provides:

> In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court.

Under section 60-204, then, two requirements must be met. There must be

substantial compliance with Kan. Stat. Ann. § 60-301 et seq. and the defendant must be made aware that an action is pending. *See Pedi Bares, Inc. v. P & C Food Markets, Inc.*, 567 F.2d 933, 936 (10th Cir. 1977).

Ms. Burnham asserts that she meets both criteria. First, she argues that the letter substantially complies because it contained a copy of the complaint and a summons. Second, she argues that the Defendants had awareness of the suit because of her previous discussions with Wausau and that the letter itself provided awareness. We disagree.

The Kansas Supreme Court has consistently held that, when applying section 60-204, courts must find that the defendant's awareness of the suit results directly from the plaintiff's substantial compliance with the service of process. *See, e.g.*, *Haley v. Haershberger*, 485 P.2d 1321, 1326 (Kan. 1971); *Thompson-Kilgariff General Ins. Agency, Inc. v. Haskell*, 479 P.2d 900, 902 (Kan. 1971); *Briscoe v. Getto*, 462 P.2d 127, 129 (Kan. 1969). As the Kansas Court of Appeals recently stated, "'Notice or knowledge must come from process of service.'" *Cook v. Cook*, 83 P.3d 1243, 1246 (Kan. Ct. App. 2003), *rev. den'd* — Kan. — (Feb. 10, 2004) (quoting *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 812, 987 P.2d 1096 (1999)). "The fact that [defendant] had actual knowledge of the suit and did not suffer prejudice does not mean there was substantial compliance under Kan. Stat. Ann. 60-204." *Id*. at 1248. Moreover, if the attempted service

- 15 -

did not include a summons, service is "not merely irregular or defective but [is] a nullity." *Id.* at 1248.

Ms. Burnham therefore could not have substantially complied with the service statute unless Mr. Hays included a summons with the March 28 letter. Although Mr. Hays avers that he attached a copy of the summons to this letter, we hold that his affidavit is insufficient to create a genuine issue of material fact on the question whether a summons was sent. Not only do the Defendants present affidavits averring that its agents received neither the March 28 letter, a complaint, nor a summons, R. at 66, but the District Court's docket shows that the first issuance of a summons in this case did not occur until July 15, 2003. R. at 2–3. The only copies of a summons included in the record are of the July 15, 2003 summons. R. at 13, 15, 17, 19. Moreover, Mr. Hays does not explain how a summons that was first issued on July 15, 2003 was enclosed in his alleged March 28, 2003 letter. Given the state of this record, we are—at best—left with only a "metaphysical doubt as to the material facts" regarding the attachment of a summons in the alleged March 28 letter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986).

We hold, then, that there is insufficient evidence supporting the notion that the Defendants received a summons in the alleged March 28 letter to escape summary judgment. Thus, the alleged March 28 letter cannot satisfy section 60-

204.  *See Cook*, 83 P.3d at 1246–48.  Because the March 28 letter does not constitute timely service, there is nothing to which the amended complaint could relate back.  Therefore, for purposes of the statute of limitations, this action was commenced on July 15, 2003—the date of actual service.  *See* Kan. Stat. Ann. 60-203(a).  The statute of limitations, however, ran on March 29, 2003.  As such, this action is time-barred.

## IV.  CONCLUSION

Although Mr. Hays was two months late in filing the opening brief, we DENY the Defendants' motion to dismiss this appeal.  We decline to consider whether Ms. Burnham's complaint sounds in contract as well as negligence because this argument is raised for the first time on appeal.  Finally, we AFFIRM the District Court's dismissal on statute of limitations grounds.  Despite Mr. Hays's affidavit that a summons was attached to this March 28 letter, the District Court docket, among other things, makes clear that no summons was issued at all until July 15.  As such, Ms. Burnham fails to present evidence raising a genuine issue of material fact as to whether the Defendants received a summons on March 28.

Given the state of the record, we suspect that Mr. Hays knowingly averred to false statements in his affidavit regarding the inclusion of a summons with the March 28 letter.  Therefore, we ORDER Mr. Hays to SHOW CAUSE why we

should not sanction him in the amount of $5,000 for violating the rule prohibiting counsel from making "a false statement of material fact . . . to a tribunal." Kan. Sup. Ct. R. 226, R. Prof. Conduct 3.3(a)(1); *see also* D. Kan. R. 83.6.1(a) (adopting the Kansas Rules of Professional Responsibility). This panel is empowered to issue monetary sanctions for violations of the rules of professional responsibility, and we retain jurisdiction with the panel for that purpose. *See* Fed. R. App. P. 46(c); 10th Cir. R. 46.5(D)(2); Tenth Circuit Plan For Attorney Disciplinary Enforcement § 4.1. Within 20 days after the issuance of this opinion, Mr. Hays must file his response with the Clerk of the Court demonstrating that he did not violate Rule of Professional Conduct 3.3(a)(1). It is also worth noting that members of the Oklahoma bar who negligently fail to obtain timely service of process may be disciplined by the Oklahoma Supreme Court, *see State ex rel. Oklahoma Bar Ass'n v. Scroggs*, 70 P.3d 821, 829 (Okla. 2003), and may be subject to a malpractice claim, *see Nicholas v. Morgan*, 58 P.3d 775, 778 (Okla. 2002).