F I L E D
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MAY 19 2005

PATRICK FISHER
Clerk

BENJAMIN SPENCER GOSSETT,

Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,

Defendant - Appellee.

No. 04-7105
(D.C. No. 04-CV-214-W)
(E. D. Okla.)

ORDER AND JUDGMENT  *

Before **BRISCOE** , **ANDERSON** , and **BRORBY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Benjamin Spencer Gossett, proceeding pro se, appeals the district court's dismissal of his complaint. Mr. Gossett was denied social security disability benefits. He then filed a civil action in the Eastern District of Oklahoma challenging that denial. The district court dismissed the action on the ground that Mr. Gossett failed to file his complaint within sixty days following the presumed receipt of the notice of the Appeals Council decision denying his benefits. We affirm.

The district court dismissed Gossett's complaint in response to defendant's motion to dismiss. [1] In ruling on a motion to dismiss, the district court is limited to the facts pled in the complaint. *Burnham v. Humphrey Hospitality Reit Trust Inc.*, 403 F.3d 709, 713 (10th Cir. 2005). In this case, the district court went outside of the complaint and relied on facts contained in an affidavit and exhibits attached to defendant's motion to dismiss, thereby converting the motion to dismiss into a motion for summary judgment. In so doing, the district court failed to give proper notice to the parties that it was converting the motion. If, however,

---

[1] Defendant argued before the district court that it was moving to dismiss for lack of subject matter jurisdiction because the court lacks jurisdiction to review a case filed outside of the sixty-day time period under 42 U.S.C. § 405(g). This statement is incorrect. In *Flores v. Sullivan*, a case cited to us by the defendant, the Fifth Circuit recognized that "[t]he Supreme Court has held that the sixty-day time period in section 405(g) represents a statute of limitation instead of a jurisdictional bar." 945 F.2d 109, 113 (5th Cir. 1991) (citations omitted). Accordingly, we will treat the defendant's motion as a 12(b)(6) motion to dismiss as opposed to a 12(b)(1) motion to dismiss.

a party is not prejudiced by the conversion, then this court may proceed with its appellate review relying upon summary judgment standards.     *Id.*

Although no notice was given in this case, Mr. Gossett was not prejudiced by the conversion of the motion to dismiss into a motion for summary judgment. Mr. Gossett responded to the motion to dismiss and he had the opportunity to present evidence to rebut the defendant's evidence. We will therefore review the district court's dismissal as a grant of summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In Mr. Gossett's complaint he states that "[t]he written determination of the Appeals Council was not provided to plaintiff or to his representatives in accordance with applicable regulations." R., Doc. 1 at ¶ 9. Attached to defendant's motion is a declaration from an employee in the Social Security Administration who reviewed Mr. Gossett's file. Her review indicated that the letter informing Mr. Gossett of the Appeals Council's denial was mailed on April 18, 2002 (a copy of the letter with that date is also attached) and that there had been no request for an extension of time to file a civil action. R., Doc. 10, Att. at 3. Under the social security regulations, a claimant is presumed to receive

the notice of the decision of the Appeals Council five days after the date of mailing of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). A claimant must file a civil action in district court within 60 days of the receipt of the notice, unless good cause is shown for an extension. *Id.* Mr. Gossett did not file his civil action until May 6, 2004, over two years after the notice was sent and presumably received.

In Mr. Gossett's response to the motion to dismiss, he simply repeats the same vague information from his complaint "that [he] was not notified of the [Appeals Council] decision in the manner required by regulation." R., Doc. 14 at 1. He does not provide any more detailed information to support this conclusory allegation. He then goes on to state that "repeated written and oral attempts to obtain a copy of the decision were ignored." *Id.* Again, however, Mr. Gossett fails to support this statement with any kind of a detailed recitation of the factual circumstances of when and how he attempted to obtain copies of the decision; facts that are exclusively within his control. Conclusory allegations are insufficient to raise a genuine issue of material fact. *Peck v. Horrocks Engineers, Inc.*, 106 F.3d 949, 956 (10th Cir. 1997). Mr. Gossett has not produced any evidence to rebut the defendant's evidence that notice of the Appeals Council decision was sent on April 18, 2002 and that Mr. Gossett did not contact the

-4-

Social Security Administration to request an extension of time to file his civil action. The district court did not err in dismissing Mr. Gossett's complaint.

Liberally construing Mr. Gossett's pro se appellate brief, it also appears as though he is challenging the district court's decision to grant an extension of time for the defendant to file its motion to dismiss and the decision to deny his motion for default judgment. We conclude that the district court did not abuse its discretion in granting the defendant's request for an extension of time to file its motion to dismiss, *see* Fed. R. Civ. P. 6(b), or in denying Mr. Gossett's motion for default judgment, *see Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

The judgment of the district court is AFFIRMED. Mr. Gossett's motion to proceed in forma pauperis is GRANTED.

Entered for the Court

Wade Brorby
Circuit Judge