1997 OK CIV APP 77

**Marla BAKER, Personal Representative of the Estate of Marlene Coble, Deceased, Appellant,**

v.

**Gelon Lavern BARNES and Convex Industries, Inc., Appellees.**

No. 87357.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 28, 1997.

Anthony P. Sutton, Tulsa, for Appellant.

Stephen C. Wilkerson, Knight, Wilkerson, Parrish & Wassall, Tulsa, for Appellees.

JOPLIN, Judge:

¶ 1 The Estate of Marlene Coble, Deceased, by and through Marla Baker in her representative capacity (Coble), seeks review of the trial court's order granting judgment on jury verdict for Coble, thereby rejecting Coble's proposed calculation of pre- and post-judgment interest, in Coble's suit against Barnes and Convex Industries (individually by name or, collectively, Appellees) for damages arising from an automobile accident. In this appeal, Coble asserts Appellees waived any right to a credit against damages for pre-litigation monies paid to Coble and, in the alternative, that if such credit be given, the trial court erred in allowing the credit against damages prior to calculating pre- and post-judgment interest. We find no error by the trial court and, accordingly, affirm the judgment.

¶ 2 On September 26, 1992, Coble suffered injury when a vehicle in which she was a passenger collided with a vehicle driven by Barnes and owned by Convex Industries. Between the date of the accident and August 1994, Appellees' insurance carrier paid $47,742,81 in medical expenses and lost wages to Coble. In September 1994, Coble brought the instant action against Barnes and Convex Industries seeking damages for, inter alia, personal injury, pain and suffering, medical expenses, and lost wages. At the conclusion of trial, the jury returned a verdict against Appellees for compensatory damages in the amount of $200,000.00.[1]

¶ 3 Coble then filed a motion for attorney fees, costs, and pre- and post-judgment interest, requesting such interest be calculated on the full $200,000.00 jury verdict. Appellees objected, asserting that because Coble had already been compensated in the amount of $47,742.81, Appellees were entitled to a cred-it in that amount *prior* to calculating pre- and post-judgment interest. The trial court agreed with Appellees, and Coble appeals.

■ ¶ 4 Coble first contends Appellees waived their right to seek a credit for pre-litigation payments made to Coble, arguing that "payment" constitutes an affirmative defense which must be affirmatively pled. 12 O.S.1991 § 2008. While we agree that failure to plead an affirmative defense results in its waiver, an affirmative defense is one which assumes or admits the original cause of action but is based on subsequent facts which operate to *qualify or defeat* the original cause of action. *Craft v. Bates*, 1962 OK 122, 372 P.2d 10.

■ ¶ 5 In the present case, however, Appellees did not seek to defeat or qualify Coble's action to be compensated for damages sustained "in excess of $10,000.00"; rather, Appellees sought a post-verdict credit for pre-litigation monies tendered to Coble by Appellees' insurance carrier for Coble's medical expenses and lost wages, both of which were sought by Coble in the instant action. Such a post-trial procedure has long been recognized in this State as a proper means for the court to prevent double recovery by the plaintiff or, if payment came from a collateral source, a windfall to the defendant. *See, e.g., Overturff v. Hart*, 1975 OK 13, 531 P.2d 1035 (court properly granted defendant/tortfeasor's post-trial motion for credit against verdict for medical expenses paid pre-litigation by defendant's insurer); *Handy v. City of Lawton*, 1992 OK 111, 835 P.2d 870 (application of collateral source rule to defendant/tortfeasor's post-trial motion for credit against verdict for medical expenses paid pre-litigation). Accordingly, we find that Appellees did not waive any right to credit, and properly raised the issue in response to Coble's post-verdict motion for costs, fees, and interest.[2]

¶ 6 Coble also complains the trial court erroneously computed the judgment on the

---

1. The jury also awarded punitive damages against Barnes only. However, neither party raises any issue in regard to these damages.

2. Although Coble cites *Porter v. Manes*, 347 P.2d 210 (Okla.1959), as controlling, we find Coble's reliance misplaced. According to the *Porter* Court, the plaintiff therein denied being reimbursed for his damages while the record in the instant case contains evidence of payment to Coble which she did not deny.

jury verdict by subtracting the $47,742.81 credit paid by Appellees *prior* to calculation of pre- and post-judgment interest, arguing 12 O.S.1991 § 727 requires that pre- and post-judgment be calculated on the entire jury verdict. In this regard, § 727 provides that the trial court *shall add interest* on a jury verdict in a personal injury case at the rate prescribed by statute. However, the Oklahoma Supreme Court, in construing § 727, has held:

> The legislature's clear purpose in passing 12 O.S.1991 § 727 was to require a negligent party to pay the plaintiff interest for the plaintiff's loss of use of the money to which [plaintiff] was entitled. [Plaintiff herein] was not entitled to prejudgment interest [on the money] because [insurance carrier] paid it to or on [plaintiff's] behalf *before [plaintiff] filed suit against the defendants*.... To allow [plaintiff] to retain the prejudgment interest that accrued on [the money] paid by [insurance carrier] before suit was filed would be to allow [plaintiff] a windfall....

*Landrum v. Nat. Union Ins. Co.*, 1996 OK 18, ¶ 21, 912 P.2d 324, 329. (Emphasis original).

■ ¶ 7 In the present case, Appellees' insurance carrier paid Coble $47,742.81 for medical expenses and lost wages before Coble filed suit. Thus, Coble received the pre-litigation benefit of this sum. Accordingly, and pursuant to the teachings of *Landrum*, because Coble suffered no loss of use of said sum, Coble would not be entitled to pre-judgment interest on the $47,742.81 paid by Appellees' insurer prior to commencement of this action. We therefore find no error in the trial court's calculation of pre-judgment interest.

¶ 8 The order of the trial court is therefore AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.

