2008 OK CIV APP 71

**Stephen COBLE, Plaintiff/Appellant,**

**v.**

**Christopher Shannon SHEPHERD, Defendant/Appellee.**

**No. 103,965.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 18, 2008.

J. Travis Barnett, Tulsa, OK, for Appellant.

C. Rabon Martin, Tulsa, OK, for Appellee.

LARRY JOPLIN, Judge.

¶ 1 Plaintiff/Appellant Stephen Coble seeks review of the trial court's order granting judgment against Defendant/Appellee Christopher Shannon Shepherd, but allowing Shepherd a credit for restitution he paid in a related criminal prosecution. We hold the trial court did not err, and the order of the trial court is affirmed.

¶ 2 Brothers-in-law Coble and Shepherd fought. Shepherd later pleaded no contest to charges of assault and battery, and as a condition of a probationary sentence, the court required Shepherd to pay Coble restitution of $5,000.00, which Shepherd paid.

¶ 3 Coble then commenced the instant action, seeking damages for assault and battery. At trial, Coble presented evidence argued to demonstrate his out-of-pocket medical expenses of more than $4,300.00. The jury returned a verdict for Coble and awarded him $4,776.86 in actual damages and $4,000.00 in punitive damages.

¶ 4 Three weeks later, Shepherd tendered a check in the amount of $3,776.86 to Coble, representing the difference between the amount awarded by the jury and the $5,000.00 in restitution he previously paid. Coble refused the tender and filed a motion for hearing on assets. Shepherd filed a motion to quash the hearing on assets, and sought a judicial release of the judgment based on his tender. Coble objected.

¶ 5 On consideration of the parties' argument after a hearing, the trial court held the $5,000.00 restitution Shepherd paid in the criminal case "may be applied to satisfy the judgment for actual damages," but not the judgment for punitive damages. Coble appeals.

¶ 6 In four propositions, Coble here challenges the trial court's allowance of credit. In his first proposition, Coble complains the jury verdict constitutes a final, unappealed adjudication of the rights of the parties, and the trial court abused its discretion in allowing the credit based on evidence not presented to the jury. In his second and third propositions, Coble asserts Shepherd did not timely seek a credit at trial, and his request for credit after the verdict and after the deadline to appeal had passed came too late. In his fourth proposition, Coble argues that because awards of restitution and damages vindicate different interests, an award of one ought not be set off against an award of the other.

¶ 7 Shepherd responds, arguing that, at trial, Coble neither introduced any evidence, nor requested instruction of the jury, concerning effect of the payment of restitution, and has waived the right to complain. Shepherd also argues that the trial court possesses the authority to grant a post-judgment credit for sums previously paid, including a credit for criminal restitution, and the trial court did not err as a matter of either fact or law in so ruling in the present case.

¶ 8 Federal law specifically addresses the extent to which an award of restitution may be credited against an award of damages.[1] A number of states have enacted legislation to require a credit for criminal restitution paid against an award of damages arising from the same event.[2] Even absent statuto-

---

1. 18 U.S.C. § 3664(j)(2) ("Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in-(A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State.")

2. See, e.g., Ala.Code § 15–18–75 (1985) ("... the court shall credit any restitution paid by the defendant to a victim against any judgment in favor of the victim in [a] civil action"); Del.Code Ann. tit. 11, § 4106(e) (1984) ("A civil verdict shall be reduced by the amount of restitution paid under the criminal restitution order"); Fla. Stat. Ann. § 775.089(8) (West 1985) ("... the amount of such restitution shall be set off against

any subsequent independent civil action"); Ga. Code Ann. § 17–14–11 (1985) ("... any payments made by an offender to a victim under an order for restitution may be a set off against any judgment awarded to the victim in a civil action based on the same facts for which restitution was ordered"); Ind.Code Ann. § 35–50–5–3(b) (Burns 1985) ("An order of restitution under subsection (a) does not bar a civil action for *other* damages suffered by the victim") (Emphasis added); Iowa Code Ann. § 910.8 (West 1985) ("... any restitution payment by the offender to the victim shall be set off against any judgment in favor of the victim in a civil action arising out of the same facts or event"); Ky.Rev.Stat. § 533.030(3)(g) (1985) ("A civil verdict shall be reduced by the amount paid under the criminal

ry authority, at lease one state recognizes the trial court's authority to grant or deny a credit for criminal restitution previously paid.[3]

¶ 9 Oklahoma's criminal restitution statute, 22 O.S. § 991f, authorizes a court to require restitution in criminal cases, but contains no "credit" provision. For the purpose of criminal sentencing, § 991f provides in pertinent part:

> "Restitution" means the sum to be paid by the defendant to the victim of the criminal act to compensate that victim for up to three times the amount of the economic loss suffered as a direct result of the criminal act of the defendant;
>
> [and]
>
> "Economic loss" means actual financial detriment suffered by the victim consisting of medical expenses actually incurred, damage to or loss of real and personal property and any other out-of-pocket expenses, including loss of earnings, reasonably incurred as the direct result of the criminal act of the defendant. No other

elements of damage shall be included as an economic loss for purposes of this section. 22 O.S. § 991f (A)(1), (3).

¶ 10 The plain language clearly establishes that an award of criminal restitution pursuant to § 991f is intended "to *compensate* that victim for . . . the economic loss suffered as a direct result of the criminal act of the defendant," and "to *restore* the crime victim to the equivalent economic status existing prior to the losses sustained as a direct result of the crime." 22 O.S. § 991f (C)(2)(a). (Emphasis added.) In setting appropriate compensatory criminal restitution, the trial court "shall consider any pre-existing orders imposed on the defendant, including, but not limited to, orders imposed under civil and criminal proceedings." 22 O.S. § 991f (C)(3)(e).

■ ¶ 11 Further, and reading the various sections of § 991f together, to the extent an award of criminal restitution is intended as "compensatory," the similarity of purpose between an order for criminal restitution and an award of civil damages cannot be ignored. See, e.g., 23 O.S. § 21;[4] 23 O.S. § 61.[5] Giv-

restitution order"); Maine, Me.Rev.Stat. Ann. tit. 17–A, § 1327 (1985) ("Any restitution ordered and paid shall be deducted from the amount of any judgment awarded in a civil action brought by the victim against the offender based on the same facts. If the restitution ordered and made was work restitution, the reasonable value of the services may be deducted from any such judgment"); Md. Ann.Code art. 27, § 640(f) (1985) ("A civil verdict shall be reduced by the amount paid under the criminal restitution order"); Minnesota, Minn.Stat. Ann. § 611A.04 Subd. 3 (West 1986) ("The offender shall be given credit, in any order for judgment in favor of a victim in a civil action, for any restitution paid to the victim for the same injuries for which the judgment is awarded"); Miss.Code Ann. § 99–37–17(1) (1985) (". . . the court shall credit any restitution paid by the defendant to a victim against any judgment in favor of the victim in [a] civil action"); Mont.Code Ann. § 46–18–249(3) (1985) ("Any restitution paid by the offender to the victim must be set off against any pecuniary loss awarded to the victim in a civil action arising out of the facts or events which were the basis for the restitution"); New Mexico, N.M. Stat. Ann. § 31–17–1.H (1985) (". . . any restitution payment by the defendant shall be set off against any judgment in favor of the victim in a civil action arising out of the same facts or events."); North Carolina, N.C. Gen.Stat. § 15A–1343(d) (1985) (". . . any amount paid by the defendant under the terms of an order as provided herein [a restitution order] shall be credited against any judgment rendered against the defen-

dant in [a] civil action."); Or.Rev.Stat. § 137.109(1) (1985) (". . . the court shall credit any restitution paid by the defendant to a victim against any judgment in favor of the victim in [a] civil action"); Utah Code Ann. § 3–201.2(1) (1985) (". . . the court shall credit any restitution paid by the defendant to a victim against any judgment in favor of the victim in [a] civil action"); Wisconsin, Wis. Stat. Ann. § 773.09(7) (West 1985) ("Any restitution paid by the probationer to the victim shall be set off against any judgment in favor of the victim in a civil action arising out of the facts or events which were the basis for the restitution."); Wyoming, Wyo. Stat. § 7–13–314(a) (". . . any restitution payment by the defendant to a victim shall be set off against any judgment in favor of the victim in a civil action arising out of the same facts or events.").

3. *See, e.g., State v. Johnson,* 968 S.W.2d 883, 887 (Tenn.Crim.App.1997).

4. "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will *compensate* the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. . . ." (Emphasis added.)

5. "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chap-

en this common compensatory purpose, it also appears reasonably clear our legislature contemplated that, in some situations involving a prior order of criminal restitution or award of civil damages arising out of the same occurrence, the amount of compensatory criminal restitution might require adjustment.

¶ 12 Independent of statute, the Oklahoma Supreme Court has recognized the trial court's authority to allow a credit for restitution paid, if, under the particular facts and circumstances of the case, an allowance of credit is warranted. *Gentry v. American Motorist Ins. Co.*, 1994 OK 4, 867 P.2d 468. In *Gentry*, the insured's contractor "pled guilty to one count of obtaining money under false pretense and three counts of embezzlement by trustee," and paid restitution of $4,700.00. 1994 OK 4, ¶¶ 2, 20, 867 P.2d at 469, 474. Upon entry of judgment for the insured and against insurer in the amount contractor was charged with embezzling in his criminal case, the insurer claimed entitlement to credit for the restitution paid by the contractor. *Gentry*, 1994 OK 4, ¶ 16, 867 P.2d at 473. "[T]he trial court determined to make no deduction for restitution," apparently "believing that the record supported more than he had awarded" to the insured in damages. *Gentry*, 1994 OK 4, ¶¶ 17, 19, 867 P.2d at 473, 474.

¶ 13 On appeal, the Supreme Court framed "[t]he issue [a]s whether the insured must give credit to the insurance company for any amount the thief pays in restitution, even when that thief owes the insured more than the amounts he was convicted of stealing." *Gentry*, 1994 OK 4, ¶ 18, 867 P.2d at 474. Finding competent evidence to support the trial court's judgment denying a credit, the Supreme Court affirmed:

> The trial court heard the arguments of counsel for the parties. It considered the same evidence heard by the jury in the first trial in which the jury returned a verdict of $73,000.00 in favor of Gentry. The trial court stated that it had determined to award the total of the four informations filed against Langley, that is, $7,782.51, $6,887.12, $10,397.20, and

$6,372.60, for a total of $31,439.43. We have above cited the rule that a trial court's decision on the facts of a case will not be disturbed upon appeal when there is competent evidence to support that decision. The trial court conservatively reviewed the record and awarded only the amount the district attorney believed would have supported a criminal conviction under the greater burden of proof of "beyond a reasonable doubt." But when asked to allow for a set-off, the trial court apparently reconsidered, and believing that the record supported more than he had awarded, the court allowed the judgment as stated to stand.

> Gentry's exhibits reveal that he has other losses caused by Langley covered under the reformed policy that are not reflected in the four criminal informations filed against Langley. The conservative judgment is amply supported by evidence over and above any consideration for the restitution in the amount of $4,700.00. The reasons given by the trial court for the amount awarded are irrelevant when the evidence supports a greater award. The trial court did not err in refusing to allow the set-off. Under the record before the Court, the insurance company is not entitled to a credit for restitution paid by Langley.

*Gentry*, 1994 OK 4, ¶¶ 19–20, 867 P.2d at 474.

■ ¶ 14 As we read *Gentry*, it is first clear that Oklahoma law permits a credit for restitution paid under some circumstances. It is also clear that the extent to which payments of restitution fully or partially compensate an injured party for his/her loss bears significantly on the question of whether credit for payments of restitution should be allowed. Last, it is clear the allowance or denial of a credit for restitution paid is a fact-driven inquiry, and on appeal, the trial court's judgment should be affirmed if supported by competent evidence.

■ ■15 In the present case, Plaintiff presented evidence of his economic loss attributable to Defendant's assault and battery. The jury returned a verdict for Plaintiff, and awarded him $4,776.86 in actual damages,

---

ter, is the amount which will *compensate* for all detriment proximately caused thereby, whether it

could have been anticipated or not." (Emphasis added.)

consistent with his proof of actual out-of-pocket expenses. Inasmuch as Defendant paid Plaintiff the sum of $5,000.00 in restitution, an amount which exceeded Plaintiff's actual damages proven and determined by the jury, the evidence also supports a conclusion that Plaintiff has been fully compensated. In that factual circumstance, the trial court possessed the authority to allow Defendant a credit for the restitution he previously paid to Plaintiff against Plaintiff's award of actual damages. *Gentry*, 1994 OK 4, ¶¶ 19–20, 867 P.2d at 474.

¶16 However, an award of punitive damages is not intended to compensate for loss, but, rather, to punish the wrongdoer and deter similar misconduct in others. 23 O.S. § 9.1(A). Inasmuch as an award of punitive damages is not compensatory, we cannot say the trial court erred as a matter of either fact or law in refusing to allow credit for Defendant's payments of compensatory restitution against the award of non-compensatory, punitive damages. We therefore reject Plaintiff's first and fourth propositions of error.

¶17 In his second and third propositions, Plaintiff asserts Defendant did not timely assert in defense the right to credit at trial, and his request for credit after the verdict and after the deadline to appeal had passed came too late. However, and "[w]hile we agree that failure to plead an affirmative defense results in its waiver," "a post-verdict [request for] credit ... has long been recognized in this State as a proper means for the court to prevent double recovery by the plaintiff, or, if payment came from a collateral source, a windfall to the defendant." *Baker v. Barnes*, 1997 OK CIV APP 77, ¶¶ 4, 5, 949 P.2d 695, 696. (Citations omitted.) We therefore reject Plaintiff's second and third propositions.

¶18 The order of the trial court, allowing a credit for restitution paid against actual damages, but denying a credit against punitive damages, is AFFIRMED.

ADAMS, P.J., and HANSEN, J., concur.