2011 OK CIV APP 114

**CURWOOD, INC. and Fidelity & Guaranty Insurance Co., Petitioners,**

v.

**Kathleya J. CAMP and The Workers' Compensation Court, Respondents.**

**No. 108,985.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 30, 2011.

Certiorari Denied Sept. 26, 2011.

---

Todd A. Estes, Robert P. Powell, Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P., Oklahoma City, Oklahoma, for Petitioners.

John R. Sprowls, John Sprowls Attorney at Law, Pauls Valley, Oklahoma, for Respondents.

CAROL M. HANSEN, Judge.

¶ 1 In 2009 Claimant, Karhleya Camp, filed an action against Employer, Curwood Inc., alleging cumulative injury to her arms, shoulders and neck as a result of many repetitive actions in building boxes and operating machines in her employment with Curwood. She began experiencing pain in her hands sometime in 2006 or 2007 which continued to worsen throughout 2007. When a supervisor inquired of Claimant why she was crying, Claimant confessed she was experiencing severe pain in both her hands. The supervisor referred her to the office personnel where she filled out an accident report reporting injury to her hands only.

¶ 2 Claimant ultimately had carpal tunnel release surgery on both her hands. She was released by her surgeon concerning her hands. Her surgeon's records revealed he told her she would have to make a separate claim for her elbow, shoulders and neck if she wanted to have those injuries addressed.

¶ 3 In March of 2009, the parties filed a Joint Petition Settlement Order concerning her hands as a single event accident occurring on December 12, 2007. Claimant was unrepresented. At that time she returned to work. She was later told by Employer she must furnish a copy of her high school diploma or GED within three days. Because she was unable to furnish either document she was terminated.

¶ 4 In August of 2009, Claimant filed a Form 3 alleging a cumulative trauma injury to both arms, shoulders and neck. An amended Form 3 listed her date of last exposure as April 1, 2009. She requested TTD benefits beginning July 2010 and medical treatment. Employer denied injury. It also asserted the defense of "res judicata" based on the earlier joint settlement for her hands. The joint petition settled and signed by Claimant without benefit of counsel settled all claims against Employer for all injuries known or unknown.

¶ 5 The trial court denied all of Employer's defenses and ordered Employer to provide TTD to Claimant from July 5, 2010 to date and reasonable and necessary medical treatment. Its order stated, "The vague inclusion of all injuries (even those not pled or compensated for) is insufficient to preclude a subsequent allegation of other injuries under a different theory." It differentiated the claims by pointing out that the settled claim was for a single event injury whereas the present claim was for cumulative trauma injuries. A review of the transcript of the hearing on the joint petition settlement reveals her statements were in response to questions which referred only to her hands. It reflects she understood the settlement was to her hands only.

¶ 6 A three-judge panel affirmed the trial court's order. Employer now seeks review of that order.

¶ 7 Although our standard of review has been changed as of November 2010, Claim-

ant's injury occurred prior to that date and this Court will use the competent evidence standard of review as set out in *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548. *See, Dunlap v. Multiple Injury Trust Fund*, 2011 OK 14, 249 P.3d 951.

■ ¶ 8 Employer's first contention deals with the presumption her injury was not work related. That presumption arises if a claimant fails to give oral or written notice to her employer within 30 days after an injury occurs. 85 O.S.2001 § 24.2(a). That presumption is rebuttable by a preponderance of the evidence.

¶ 9 Claimant counters she did give notice. She further points out Employer did not bring this to the attention of the three-judge panel. The petition for review before the panel listed all the findings of the trial court and suggested they were contrary to law and not supported by competent evidence. There is no specific contention Claimant did not give notice.

¶ 10 Regarding appeals to the three-judge panel, Rule 60(A)(3) of the Rules of the Worker's Compensation Court, 85 O.S.2001, ch. 4, App., provides that requests for review shall include a specific statement of each conclusion of law and finding of fact urged as error, and that general allegations will not be accepted. Error not raised before the panel cannot be considered by the Court of Civil Appeals. *Bostick Tank Truck Service v. Nix*, 1988 OK 128, 764 P.2d 1344. Although Employer suggests his proposed error in front of the panel does include the lack of notice claim, the extensive list of complaints is not specific to this issue.

■ ¶ 11 Employer further contends Claimant settled all injuries by the joint petition.[1] The transcript of the hearing on the joint petition reflects Claimant's testimony she was settling all injuries to her hands arising out of the single event injury. In response to questioning, she answered "yes" to the question, "Your settlement today is for $10,172.80 that represents eight percent to each hand. Do you understand that?" Later she was asked, "But the big thing about that is after today's date, if you incur medical

as far as your hands are concerned, do you understand that's your responsibility?" Also, "(D)o you understand that when we go file all of this paperwork, that the slate will be completely wiped clean between you and Curwood and their Insurance Carrier as a result of this single incident accident in December '07 to your left and right hand?" This is the tenor of all the questioning and reflects her belief she was only settling injuries to her hands.

■ ¶ 12 Joint Petition Settlements only cover the injuries set out in the agreement. *Roberts v. Tway Construction Company*, 1974 OK 128, 528 P.2d 1389. *Also, see, Tell v. City of Perry*, 2003 OK CIV APP 71, 76 P.3d 106. Claimants cumulative trauma injury is separate and distinct from the single event injury covered by the agreement.

¶ 13 Employer lastly suggests Claimant's alleged injuries were in retaliation for her separation and termination. Claimant purportedly was fired because she falsified her job application. The trial court found otherwise. In workers' compensation proceeding, the trial tribunal is the sole judge of the credibility of witnesses and of the weight and value to be accorded to the testimony adduced. *Yocum v. Greenbriar Nursing Home*, 2005 OK 27, 130 P.3d 213.

¶ 14 The order of the Workers' Compensation Court is supported by competent evidence.

¶ 15 Claimant's request for appeal related attorney fees is denied.

SUSTAINED.

HETHERINGTON, P.J., and BELL, C.J., concur.

---

1. The record does not contain the joint petition itself.